BOARDMAN, Judge.
The Department of Commerce, Division of Employment Security (Division)[1] petitions for review of a decision of the Board of Review (Board)[2] awarding unemployment compensation benefits to respondent Donald J. Hart. For the reasons hereinafter set forth, we reverse.
Due to a reduction in force, Hart was terminated from his position as a security guard with the Pinellas County School Board, and he filed a timely claim for unemployment compensation benefits. Several months later, the Florida State Employment Service (FSES) referred Hart to an available opening for a security guard. Hart declined to pursue the referral because the pay and hours were less attractive than those of his previous employment and because he was no longer interested in working as a security guard.
A claims examiner disqualified Hart from further benefits because of his refusal to take the referral, citing Section 443.06(2), Florida Statutes (1977), which pertains to disqualification for benefits. The decision of the claims examiner was upheld by an appeals referee, but reversed by the Board. The Board noted as grounds for the reversal and argues before this court that following the amendment of Section 443.06(2) by Chapter 77-399, Laws of Florida, failure to pursue a job referral from the FSES is no longer among the enumerated grounds for disqualification for benefits. The Division strongly disagrees with this interpretation.
Section 443.06(2), as amended, with inter-lineations indicating deleted portions and italicized portions indicating new material, reads in pertinent part:
If the division finds that the individual has failed without good cause either to apply for available suitable work with the Division when so directed by the employ ment office or tho division, or to accept suitable work when offered to him by an employment office, division, or employing unit or to return to his customary self-employment, when so directed by the division, such disqualification [for benefits] . under this subsection shall continue for the full period of unemployment next ensuing after he has failed without good cause either to apply for available suitable work, or to accept suitable work, or to return to his customary self-employment, pursuant to this subsection, and until such individual has become reemployed and has earned wages equal to or in excess of 10 times his weekly benefit amount.
The phrase “to apply for available suitable work with the Division,” standing alone, may appear ambiguous, since it is unclear whether the claimant need apply only for an available opening when the Division itself is the prospective employer or whether he must apply for any suitable position with any employer when given a referral by the FSES. We shall therefore look to the Unemployment Compensation Act as a whole in order to arrive at a reasonable interpretation of this phrase. See State v. Gale Distributors, Inc., 349 So.2d 150 (Fla.1977); Florida Jai Alai, Inc. v. Lake Howell Water & Reclamation District, 274 So.2d 522 (Fla.1973).
Section 443.05(l)(b), Florida Statutes was also amended by Chapter 77-399, Laws of Florida to provide that the Division must notify the FSES of a claimant’s availability:
(1) An unemployed individual shall be eligible to receive benefits with respect to any week only as the division finds that:
(b) He has registered for work at, and thereafter continued to report at the Division which shall be responsible for notification of the Florida State Employment Service, an unemployment compensation claims office in accordance with such regulations as the division commission may *176 prescribe; except, that the division commission may, by regulation not inconsistent with the purposes of this law, waive or alter either or both of the requirements of this subsection as to individuals attached to regular jobs; provided, that no such regulation shall conflict with s. 443.04(1).
As we construe Section 443.06(2) in light of Section 443.05(l)(b), a claimant, in order to receive unemployment compensation benefits, is required to register for work with the Division, which in turn notifies its subsidiary employment service, the FSES, and to pursue any job referrals given him by the FSES.
We are mindful of the rule of law that “ ‘when a statute is amended, it is presumed that the legislature intended it to have a meaning different from that accorded to it before the amendment.’ ” Reino v. State, 352 So.2d 853, 861 (Fla.1977); Arnold v. Shumpert, 217 So.2d 116, 119 (Fla.1968). However, the intent behind the amendment of Section 443.06(2) in issue here is readily apparent. Section 443.05(l)(b) was amended to provide that the Division notify the FSES, while employment offices have been deleted from the entities named in Section 443.06(2) to which a claimant must apply for work. Under the two sections read together, a claimant is no longer required to register with an employment office. Rather the employment office (FSES) is contacted by the Division. This interpretation of the amendments is consistent with Section 443.13, which establishes the FSES as an agency within the Division.
 Section 443.06(2) not only requires a claimant to register with the Division, but also requires him to accept suitable work when offered by the employment office, Division, or employer. We cannot accept the Board’s contention that claimants may avoid disqualification from receipt of benefits by merely registering with the Division and then refusing to accept job referrals from the FSES. In order to be entitled to receive benefits, claimants must actively seek work. They cannot sit back and rely on employers to approach them with offers, as would follow under the Board’s interpretation. On the contrary, they must pursue any leads available to them, including any FSES referrals. From its very inception the fundamental principle and purpose of the Unemployment Compensation Act have been to compensate those individuals who are unable to find suitable work after earnest effort. Newkirk v. Florida Industrial Commission, 142 So.2d 750 (Fla. 2d DCA 1962). As was so well stated by the late Chief Judge Kanner of this court in Teague v. Florida Industrial Commission, 104 So.2d 612, 616 (Fla. 2d DCA 1958):
No one should be denied a meritorious claim for unemployment benefits. Neither should the purpose of the act be perverted, at the expense of others who are compelled to contribute to the fund, with the bizarre result of paying benefits derived from it to persons who are voluntarily idle or indolent and who indicate no sincere desire to work.
The decision of the Board is reversed, and the cause is remanded with instructions to reinstate the decision of the appeals referee.
REVERSED and REMANDED.
GRIMES, C. J., and RYDER, J., concur.

. The Division of Employment Security has now been transferred from the Department of Commerce to the newly established Department of Labor and Employment Security. § 20.171, Fla.Stat. (1978 Supp.).

., The Board of Review is now denominated the Unemployment Appeals Commission. § 20.17, Fla.Stat. (1978 Supp.).