866 So.2d 172 (2004)
STATE of Florida, Appellant,
v.
Jason PARKS, a/k/a Steven Charles, a/k/a Sheridan Lewison, Appellee.
No. 2D02-4899.
District Court of Appeal of Florida, Second District.
February 20, 2004.
*173 Charles J. Crist, Jr. Attorney General, Tallahassee, and Donna S. Koch, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Bruce P. Taylor, Assistant Public Defender, Bartow, for Appellee.
NORTHCUTT, Judge.
We reverse the dismissal of Jason Parks's prosecution on statute of limitations grounds. Parks was arrested on February 24, 1998, for aggravated assault and discharging a firearm within the city limits. He was released on bond the same day. In April 1998, the State charged Parks for the incident, filing an information for discharging a firearm within 1000 feet of a person, a second-degree felony. See § 790.15(2), Fla. Stat. (1997). A capias was issued on April 29, 1998, when Parks failed to appear for a scheduled hearing. He was not apprehended until September 14, 2002. On Parks's motion, the circuit court dismissed the charge on the ground that the State failed to prosecute within the three-year statute of limitations. See § 775.15(2)(b), Fla. Stat. (1997).
The circuit court dismissed the case because it found the State had made no effort to locate Parks between March 1998 and September 2002. In doing so, the court relied on a number of decisions interpreting the pre-1997 version of section 775.15(5), which required the State to show that the capias, summons, or other process issued on the information had been executed without unreasonable delay. See, e.g., Sutton v. State, 784 So.2d 1239 (Fla. 2d DCA 2001) (interpreting 1995 version of section 775.15(5)); Lewis v. State, 765 So.2d 163 (Fla. 2d DCA 2000) (same). But the statute was amended effective July 1, 1997. Ch. 97-90, § 7, at 521, Laws of Fla. Parks allegedly committed his crime in 1998; therefore the amended 1997 version applies.[1]
The applicable version of section 775.15(5) provides:
(a) Prosecution on a charge on which the defendant has previously been arrested or served with a summons is commenced by the filing of an indictment, information, or other charging document.
(b) A prosecution on a charge on which the defendant has not previously been arrested or served with a summons is commenced when either an indictment *174 or information is filed, provided the capias, summons, or other process issued on such indictment or information is executed without unreasonable delay....
§ 775.15(5).
The 1997 amendment added subsection (a) to section 775.15(5) and changed the way prosecution is commenced for defendants who have been arrested or served with a summons on the charged offense before an information is filed. In that situation, the 1997 statute no longer requires that process be executed without unreasonable delay; the prosecution simply begins on the date the information is filed. See, e.g., Asphalt Pavers, Inc. v. Dep't of Revenue, 584 So.2d 55, 57-58 (Fla. 1st DCA 1991) ("[I]t is a recognized principle of statutory construction that when the legislature amends a statute by omitting or including words, it is to be presumed that the legislature intended the statute to have a different meaning than that accorded it before the amendment.") (citing Capella v. City of Gainesville, 377 So.2d 658 (Fla. 1979)); Dep't of Commerce, Div. of Employment Sec. v. Hart, 372 So.2d 174, 176 (Fla. 2d DCA 1979).
Parks was arrested for discharging a firearm in February 1998. Therefore, under the 1997 version of section 775.15(5), prosecution on this charge commenced when the information was filed two months later, well within the statutory limitations period. The circuit court's analysis of whether the State served the capias without unreasonable delay simply was not pertinent to these facts. See § 775.15(5)(a); see also Starling v. State, 799 So.2d 425, 427 n. 2 (Fla. 5th DCA 2001) (noting that if the 1997 version of section 775.15(5) had been applicable, the defendant's prosecution would have commenced upon the filing of the information because he had been first arrested on the charge).
We reverse the dismissal of the charge and the discharge of Parks, and we remand with directions to reinstate the prosecution.
STRINGER and DAVIS, JJ., Concur.
NOTES
[1] On appeal, Parks's counsel claims that the State did not raise the applicability of the 1997 version of section 775.15(5) at the hearing on the motion to dismiss. The transcript of the hearing refutes this contention.