519 So.2d 1128 (1988)
Doris J. GUNN, Appellant,
v.
STATE of Florida, Appellee.
No. 86-2109.
District Court of Appeal of Florida, Fifth District.
February 11, 1988.
James B. Gibson, Public Defender, and Kenneth Witts, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Pamela D. Cichon, Asst. Atty. Gen., Daytona Beach, for appellee.
BEVERLY, V.Q., Associate Judge.
Doris Gunn appeals the trial court's order denying her motion to dismiss the state's information charging her with obtaining unemployment compensation by fraud.
At issue is whether prosecution was commenced before the statute of limitations had run.
The crime allegedly occurred between February and April, 1981. The information was filed two years and nine months after the offense charged, but within the three-year statute of limitations provided by section *1129 775.15(2)(b), Florida Statutes (1985) for prosecution of third degree felonies. The capias was served in May 1986, five years after commission of the offense, and two years and three months after the information was filed.
The appellant resided in the town of Apopka, Florida throughout the periods involved here and had the same address for several years. There was no evidence in the record that the State had made any efforts to locate or serve Gunn prior to the actual date of service.
Section 775.15(5), Florida Statutes (1985) provides:
"A prosecution is commenced when either an indictment or information is filed, provided the capias, summons, or other process issued on such indictment or information is executed without unreasonable delay. In determining what is reasonable, inability to locate the defendant after diligent search or the defendant's absence from the state shall be considered."
The Florida Supreme Court recently considered this section in State v. Fields, 505 So.2d 1336 (Fla. 1987) and held that "the word `executed' in section 775.15(5) can only mean service on the defendant."
From the record in this case, we conclude that the capias was executed after an unreasonable delay, and after the statute of limitations had run. The trial court should have granted Gunn's motion to dismiss.
We therefore reverse the appealed order and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED.
DAUKSCH and COWART, JJ., concur.