543 So.2d 353 (1989)
Cherlyn WALKER, Appellant,
v.
STATE of Florida, Appellee.
No. 88-842.
District Court of Appeal of Florida, Fifth District.
May 11, 1989.
*354 James B. Gibson, Public Defender, and Nancy R. Crouch, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Dee R. Ball, Asst. Atty. Gen., Daytona Beach, for appellee.
DANIEL, Judge.
Defendant, Cherlyn Walker, appeals from an order of probation which was entered by the trial court after she entered a plea of nolo contendere to the charge of delivering heroin. On appeal defendant argues that the trial court erred in denying her motion for discharge. We agree and therefore reverse.
On March 23, 1977, Walker sold a small quantity of heroin to an undercover police officer. On June 21, 1977, an information was filed by the State Attorney's Office charging defendant with delivering heroin in violation of sections 893.13(1)(a) and 893.03(1)(b), Florida Statutes (1975). A capias for defendant's arrest was issued on that same day, June 21, 1977. In August of 1977 the information was refiled. More than ten years later, on October 8, 1987, defendant was arrested on the outstanding capias.
On March 4, 1988, defendant filed a motion for discharge, arguing that the prosecution was barred by the statute of limitations and that her constitutional speedy trial rights had been violated. The trial court denied defendant's motion.
Once the jurisdiction of the court has been challenged by raising the statute of limitations as a defense, the state has the burden of establishing that the prosecution is not barred by such limitation. State v. King, 282 So.2d 162 (Fla. 1973). Section 775.15, Florida Statutes (1975)[1] provides that a prosecution for the offense of delivering heroin must be commenced within three years after the offense is committed:
775.15 Time limitations. 
(1) A prosecution for a capital felony may be commenced at any time.
(2) Except as otherwise provided in this section, prosecutions for other offenses are subject to the following periods of limitation:
(a) A prosecution for a life felony or a felony of the first degree must be commenced within 4 years after it is committed.
(b) A prosecution for any other felony must be commenced within 3 years after it is committed.
* * * * * *
The statute defines the term "commence" as follows:
5) A prosecution is commenced when either an indictment or information is filed provided the capias, summons or other process issued on such indictment or information *355 is executed without unreasonable delay. In determining what is reasonable, inability to locate the defendant after diligent search or the defendant's absence from the state shall be considered. (emphasis added)
The Florida Supreme Court has construed the word "executed" as meaning the completion of service on the defendant. State v. Fields, 505 So.2d 1336 (Fla. 1987).
Although the state filed an information against the defendant within three year limitation period, the state failed to execute the capias until more than ten years after the offense was committed. Since the capias was executed after the three year limitation period had expired, the state had the burden of proving that it had been diligent in its efforts to execute the capias in order to establish that the prosecution was timely. Review of the record reveals that the state failed to sustain this burden of proof. The only testimony presented to the trial court was a rather informal presentation by the defendant consisting of statements made by defense counsel and the defendant responding, under oath, that such statements were true. According to such evidence Walker remained in Orlando for approximately 2 1/2 years after the alleged crime was committed and then attended Florida A & M University in Tallahassee, Florida for approximately one semester. Thereafter she lived in Louisiana for three years and returned to Florida for the immediate four years preceding her arrest in 1987.
The state did not present any testimony concerning the reason for the ten year delay but instead merely submitted a copy of the sheriff's return on attempted service of the initial capias which bore the date of September 28, 1977. This document shows only that service of the capias was attempted in September of 1977 with appropriate notations that the defendant's mother had not seen defendant in several weeks, that defendant's address was unknown, that defendant's mother believed defendant to be "hotel hopping", and that the process server had checked the phone book and city directory in an attempt to locate the defendant. There was no other evidence offered by the state as to what further attempts, if any, were made to serve the capias on the defendant during the ten years following the initial attempt. There was, however, argument by the assistant state attorney that it would be unreasonable to expect law enforcement officers to check every day for the defendant's whereabouts. This is no doubt true, but such argument does not substitute for evidence of some efforts on the part of law enforcement to locate the defendant and to serve the capias during such interim. In our view, the single attempt of service at the defendant's mother's residence does not constitute a diligent search and therefore the ten year delay in the execution of the capias is unreasonable. See Sherley v. State, 538 So.2d 148 (Fla. 5th DCA 1989); Gunn v. State, 519 So.2d 1128 (Fla. 5th DCA 1988). See also Colvin v. State, 541 So.2d 724 (Fla. 2d DCA 1989); Fleming v. State, 524 So.2d 1146 (Fla. 1st DCA 1988).
We note further that the tolling period of section 775.15(6), which extends the three year limitation period under section 775.15(2)(b) up to three years for a maximum limitation period of six years fails to cure the untimeliness of this prosecution. Here the capias was executed on defendant more than ten years after the commission of the offense. See Sherley.[2]
REVERSED and REMANDED for discharge of the defendant.
COWART and GOSHORN, JJ., concur.
NOTES
[1] The statute of limitations in effect at the time of the incident giving rise to the criminal charges is the one to be applied in determining the timeliness of the prosecution. Carcaise v. Durden, 382 So.2d 1236 (Fla. 5th DCA 1980).
[2] Having determined that defendant is entitled to discharge based upon her statute of limitations claim we find it unnecessary to discuss her speedy trial claim.