571 So.2d 563 (1990)
Robyn WELLS, Appellant,
v.
STATE of Florida, Appellee.
No. 90-597.
District Court of Appeal of Florida, Fifth District.
December 20, 1990.
*564 James B. Gibson, Public Defender, and Kenneth Witts, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Anthony J. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
HARRIS, Judge.
On June 13, 1986 charges were filed against Robyn Wells alleging that she committed grand theft during the period September, 1985 through January, 1986. A capias based on that information was improperly served on a Robin Wells who had no connection with the alleged theft. The initial action was nol prossed and a new information was filed in February, 1988. The capias, however, was not executed until August, 1989  some three years and seven months after the alleged offense.
Wells moved to dismiss the charge because the applicable statute of limitation required that prosecution "commence" within three years of the date the offense was committed. The trial court denied her motion. We reverse.
Section 775.15(5), Florida Statutes (1985) defines the term "commence" as follows:
(5) A prosecution is commenced when either an indictment or information is filed provided the capias, summons or other process issued on such indictment or information is executed without unreasonable delay. In determining what is reasonable, inability to locate the defendant after diligent search or the defendant's absence from the state shall be considered. (Emphasis added.)
Once the jurisdiction of the court is challenged by raising the statute of limitations, the state has the burden of establishing that the prosecution is not barred by such limitation. State v. King, 282 So.2d 162 (Fla. 1973); Walker v. State, 543 So.2d 353 (Fla. 5th DCA 1989).
The state argues that the delay in executing the capias in this case was not unreasonable; however, the issue in pre-arrest delay is not merely reasonableness as it relates to the amount of time involved, but also whether the state was diligent in its efforts to execute the capias in order to bring the defendant before the court within the statutory limit. See Walker v. State, supra. Although the state asserts that there is a credible explanation for the delay, no testimony concerning the reason for the delay or concerning the state's efforts to execute the capias was presented below. An eighteen month delay without explanation is unreasonable and will not justify relating the "commencement" of the prosecution back to the filing of the information.
The state's attempt to distinguish this case from the cases cited by appellant on the ground that each cited case involves a longer delay than eighteen months must be rejected. The statute of limitations is three years, and it matters not whether the delay is ten years as in Walker, eight years as in Sherley v. State, 538 So.2d 148 (Fla. 5th DCA 1989), six years as in Colvin v. State, 541 So.2d 724 (Fla. 2d DCA 1989) or eighteen months as in this case. The state must show the reasonableness of any such delay. That was not done.
*565 REVERSED with directions to DISMISS the action.
COBB and GRIFFIN, JJ., concur.