582 So.2d 142 (1991)
Joe BRAGENZER, Appellant,
v.
STATE of Florida, Appellee.
No. 90-2261.
District Court of Appeal of Florida, Fifth District.
July 3, 1991.
James B. Gibson, Public Defender, and Noel A. Pelella, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Anthony J. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
DIAMANTIS, Judge.
Defendant Joe Bragenzer appeals his conviction and sentence following his plea of no contest to uttering a worthless check. Defendant argues that the trial court erred in denying his motion to dismiss which raised the applicable statute of limitations as a defense. We agree and reverse.
Once the jurisdiction of the court has been challenged by raising the statute of limitations as a defense the state has the burden of establishing that the prosecution is not barred. On January 5, 1984 defendant was charged with uttering a worthless check on May 25, 1983, in violation of section 832.05(4)(a) of the Florida Statutes (1983), a third degree felony. A prosecution for a third degree felony must be "commenced" within three years after it is committed. § 775.15(2)(b), Fla. Stat. (1983). This three-year limitation was also subject to a maximum three-year extension pursuant to section 775.15(6), which provides:
(6) The period of limitation does not run during any time when the defendant is continuously absent from the state or has no reasonably ascertainable place of abode or work within the state, but in no case shall this provision extend the period of limitation otherwise applicable by more than 3 years.
Section 775.15(5) defines the term "commence" as follows:
(5) A prosecution is commenced when either an indictment or information is filed, provided the capias, summons, or other process issued on such indictment or information is executed without unreasonable delay. In determining what is reasonable, inability to locate the defendant after diligent search or the defendant's *143 absence from the state shall be considered.
The word "executed" has been construed as meaning the completion of service on the defendant. State v. Fields, 505 So.2d 1336 (Fla. 1987).
The issues in pre-arrest delay are whether the capias was executed without unreasonable delay and whether the state was diligent in its efforts to execute the capias in order to bring the defendant before the court within the statutory limit. Wells v. State, 571 So.2d 563 (Fla. 5th DCA 1990); Walker v. State, 543 So.2d 353 (Fla. 5th DCA 1989).
At the hearing on defendant's motion to dismiss the state established that a capias was issued for defendant on January 12, 1984. Orange County deputy sheriff Norman Boot testified that he had made one attempt to locate defendant and to execute the capias sometime in 1984. Boot testified that he visited the address listed on the check, which was a trailer park, and found that defendant was not known to reside there and had not provided a forwarding address. No further efforts were made by the state to locate the defendant. Boot stated that "this charge just plain didn't warrant any more time." The capias was eventually executed more than six years later, on or about April 15, 1990, when an Orange County deputy sheriff discovered the outstanding capias during a traffic stop, and arrested defendant. The trial court denied defendant's motion to dismiss, finding the Orange County Sheriff's Office made a reasonable and diligent search for defendant and was unable to locate him due to his own "transient nature".
In light of our holdings in Walker and Wells, we conclude that the state's single attempt to serve defendant in 1984 does not constitute a diligent search and therefore the six-year delay in the execution of the capias is unreasonable. Accordingly, we reverse the defendant's judgment of conviction, vacate his sentence, and remand with directions to dismiss the cause.
Judgment REVERSED; sentence VACATED; cause REMANDED.
HARRIS and PETERSON, JJ., concur.