600 So.2d 1248 (1992)
Wesley WRIGHT, III, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2079.
District Court of Appeal of Florida, Fifth District.
June 12, 1992.
James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Rebecca R. Wall, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
Appellant, Wesley Wright, timely appeals a judgment and sentence for perjury.
This case began when appellant filed a motion to dismiss an information charging him with perjury on the ground that the three-year statute of limitations had run. *1249 He alleged that the state filed the information on October 6, 1988 and that the perjury was alleged to have occurred on February 10th or 11th, 1988. The capias was executed on May 13, 1991, three years and three months after the offense allegedly occurred. Appellant alleged that the state had executed the capias in an untimely fashion.
In order to support its contention that the execution of the capias was not unreasonably delayed, the state called Rita Knight, appellant's probation officer on another offense, to testify. Knight was assigned to supervise appellant on February 17, 1989. She's never seen him nor has she had any contact with him. She sent him a letter requesting him to come to her office in order to review his probation but never received a reply. She also went to his residence and left a card but received no response. She assumed that he'd left because "when we go out there and send letters," she didn't hear anything. She admitted that she didn't know who owned the residence where he'd been living. Knight also testified that appellant had failed to submit monthly probation reports for March, April, May, September, October, November and December of 1988 and for January through April of 1989. On May 30, 1989 she filed a violation of probation affidavit on him in the present case. Following his arrest on a warrant, he called her from jail on several occasions. Knight noted from appellant's record that he'd been instructed on the conditions of his probation.
The state argued at the hearing that the trial court should deny appellant's motion to dismiss because he had been unavailable for probation supervision and was therefore an absconder. Appellant argued in response that he didn't have an affirmative obligation to seek to be arrested. He also argued that the state had failed to meet its burden of showing that it had conducted a diligent search to produce him. He further argued that he owned his residence by a tenancy in common and that he had lived there his entire life. Additionally, there were witnesses to show that he'd been there. At the conclusion of the hearing the trial court found that appellant had violated his duty to stay in touch with his probation officer and that the state's execution of the capias was not untimely. We reverse.
We agree with appellant that the state's execution of the capias three years and three months after his commission of the perjury was untimely. Section 775.15(2)(b), Florida Statutes (1991) provides for a three-year statute of limitations for prosecutions of felonies other than those previously designated, including third degree felonies. Section 775.15(5) also provides in part:
(5) A prosecution is commenced when either an indictment or information is filed, provided the capias, summons, or other process issued on such indictment or information is executed without unreasonable delay. In determining what is reasonable, inability to locate the defendant after diligent search or the defendant's absence from the state shall be considered.
A single visit and a single letter to appellant's residence is not a diligent search within the meaning of section 775.15(5). See Bragenzer v. State, 582 So.2d 142 (Fla. 5th DCA 1991) (six-year delay in executing capias unreasonable where state made only single attempt of service); Walker v. State, 543 So.2d 353 (Fla. 5th DCA 1989); (ten-year delay in executing capias unreasonable where state made only single attempt of service at defendant's mother's residence); Sherley v. State, 538 So.2d 148 (Fla. 5th DCA 1989) (eight-year delay in executing capias unreasonable where state made only single attempt of service at defendant's residence); Fleming v. State, 524 So.2d 1146 (Fla. 1st DCA 1988) (four-year delay in executing capias unreasonable where state made no explanation for the delay). See also Wells v. State, 571 So.2d 563 (Fla. 5th DCA 1990).
Once the trial court's jurisdiction has been challenged, it is the state's burden to *1250 establish that its prosecution is not barred by the statute of limitations. See State v. King, 282 So.2d 162 (Fla. 1973); Walker. Because the state in the present case failed to meet its burden of proving why it failed to timely serve the capias, appellant's judgment and sentence for perjury is reversed.
REVERSED.
GOSHORN, C.J., and COWART, J., concur.