ON PETITION FOR WRIT OF PROHIBITION
PER CURIAM.
Robert M. Spicer seeks a writ of prohibition precluding the court from proceeding to trial against him. We grant the petition.
Spicer was arrested on April 20, 1992. In county court, Spicer was charged by information with driving under the influence, driving with a suspended license, and no valid driver’s license. On June 12, the state filed a motion for leave to file an amended information charging Spicer with felony driving under the influence, driving with a suspended license and no valid driv *549 er’s license. The state also filed a motion to transfer the case to circuit court. The court heard the motions on June 24, and granted the motion to transfer. An order of transfer was issued. The trial court did not rule on the motion for leave to amend the information.
The state filed a motion for leave to amend the information in circuit court. Spicer moved to strike the motion and filed a suggestion of lack of jurisdiction. Spicer argued that the court did not have jurisdiction over him because the state had not filed a felony information against him. At the July 14 hearing on the state’s motion, the court suggested that the state file a new information, and set a $50,000 capias bond. On July 15, the state nolle prossed the county court information.
Spicer filed a motion for discharge pursuant to Florida Rule of Criminal Procedure 8.191. The court denied the motion and set the cause for trial. Spicer filed a petition for writ of prohibition.
Section 775.15(5), Florida Statutes (1991) provides that “[a] prosecution is commenced when either an indictment or information is filed, provided the capias, ... issued on such indictment or information is executed without unreasonable delay.” (Emphasis added). Pursuant to section 932.48, Florida Statutes (1991), the clerk of the circuit court may issue a capias for the arrest of a defendant upon the filing of the information. Although no information was filed against Spicer in circuit court, a capias was issued against him. “One of the most fundamental tenets of statutory construction requires that we give statutory language its plain and ordinary meaning_” Green v. State, 604 So.2d 471, 473 (Fla.1992) (citations omitted). The plain meaning of these statutes does not authorize the issuance of a capias before an information has been filed against the person. No authority supported issuance of the capias. See generally Shapiro v. State, 456 So.2d 968 (Fla. 2d DCA 1984) (“[A] capias is issued after an indictment or information has been returned, and does not replace or supplant the indictment or information.”). Thus, we grant prohibition and quash the capias without prejudice to the state filing an information.
Prohibition granted; capias quashed.