651 So.2d 774 (1995)
Oscard BONEL, Appellant,
v.
The STATE of Florida, Appellee.
No. 94-2251.
District Court of Appeal of Florida, Third District.
March 8, 1995.
*775 Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Doquyen T. Nguyen, Asst. Atty. Gen., for appellee.
Before NESBITT, BASKIN and GERSTEN, JJ.
PER CURIAM.
Appellant, Oscard Bonel, appeals from a conviction for burglary, following the denial of his motion to dismiss. We reverse.
On June 6, 1994, a warrant was issued for the arrest of appellant for a burglary committed on July 26, 1991. On the date this arrest warrant was issued, appellant was incarcerated in Madison Correctional Institution in Madison, Florida. On June 20, 1994, an information was filed charging appellant with committing the burglary. The previously issued arrest warrant was not served on appellant until August 4, 1994, when he was incarcerated in the Dade County jail.
Thereafter, appellant moved to dismiss the burglary charge based on the expiration of the statute of limitations. At the hearing on the motion to dismiss, the State presented no explanation for its failure to serve the warrant prior to the expiration of the limitations period. The trial court denied the motion to dismiss. Appellant pled nolo contendere to the burglary charge, specifically reserving for appellate review the court's denial of his motion to dismiss. The court entered an adjudication of guilt, and sentenced appellant to an eighteen-month term of imprisonment.
Once the jurisdiction of a court is questioned by the raising of the statute of limitations, the State has the burden to establish that the offense is not barred by the statute of limitations. State v. King, 282 So.2d 162 (Fla. 1973); Wright v. State, 600 So.2d 1248 (Fla. 5th DCA 1992); Bragenzer *776 v. State, 582 So.2d 142 (Fla. 5th DCA 1991). Statutes of limitation in criminal cases are to be liberally construed in favor of the accused. Reino v. State, 352 So.2d 853 (Fla. 1977); State v. Mack, 637 So.2d 18 (Fla. 4th DCA 1994).
A prosecution for burglary of a dwelling, which is a second degree felony, must be commenced within three years after it is committed. § 775.15(2)(b), Fla. Stat. (1991). A prosecution is commenced, under section 775.15(5), Florida Statutes (1991), "when either an indictment or information is filed, provided the capias, summons, or other process issued on such indictment or information is executed without unreasonable delay." The word "executed" has been construed as meaning the completion of service on the defendant. State v. Fields, 505 So.2d 1336 (Fla. 1987).
In a case of pre-arrest delay, the State must show the reasonableness of the delay and that it was diligent in its efforts to serve the arrest warrant in order to bring the defendant before the court within the statutory limit. Gilmore v. State, 602 So.2d 578 (Fla. 1st DCA), review denied, 606 So.2d 1165 (Fla. 1992); Bragenzer v. State, 582 So.2d at 142; Wells v. State, 571 So.2d 563 (Fla. 5th DCA 1990).
Here, the State presented no explanation regarding whether it had made any effort, let alone a diligent effort, to serve the arrest warrant on appellant prior to the expiration of the limitations period. See Wells v. State, 571 So.2d at 563; Fleming v. State, 524 So.2d 1146 (Fla. 1st DCA 1988). Clearly, the State was aware of appellant's whereabouts because appellant was incarcerated in a state institution.
Because the State has the burden to establish that it had been diligent in its efforts to serve the arrest warrant prior to the expiration of the limitations period, the State's failure to meet that burden when the State knew of appellant's whereabouts required the trial court to grant appellant's motion to dismiss. See State v. Fields, 505 So.2d at 1336; Colvin v. State, 541 So.2d 724 (Fla. 2d DCA 1989); Gunn v. State, 519 So.2d 1128 (Fla. 5th DCA 1988). Accordingly, we reverse appellant's judgment of conviction, vacate his sentence and remand with directions to dismiss the cause.
Reversed and remanded.