687 So.2d 917 (1997)
Michael Alan KING, Appellant,
v.
STATE of Florida, Appellee.
No. 96-1346.
District Court of Appeal of Florida, Fifth District.
January 31, 1997.
James Russo, Public Defender, and Blaise Trettis, Executive Assistant Public Defender, Rockledge, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann M. Childs, Assistant Attorney General, Daytona Beach, for Appellee.
GOSHORN, Judge.
Michael Alan King seeks review of the trial court's order denying his motion to dismiss the information charging him with robbery with a firearm. He asserts the trial court erred in denying his motion to dismiss on the ground that the statute of limitations had expired prior to the State commencing prosecution for this crime. He also contends that his constitutional right to be free from double jeopardy bars his conviction in state court because he already is serving a federal sentence for the same crime. We disagree for the reasons hereinafter stated and affirm.
On February 21, 1991, King robbed a Titusville bank. He was convicted in federal court that year and was sentenced to serve 32½ years in federal prison. With the exception of two de minimus entries onto Florida soil, King has been continuously outside the State of Florida since his federal conviction. On March 2, 1992, the State filed an information *918 charging King with the commission of the same robbery. It did not, however, serve the capias on him until October 20, 1995. Upon the denial of King's motion to dismiss, the case proceeded to trial. He was convicted of robbery with a firearm, a first degree felony punishable by life,[1] and was sentenced to life imprisonment.
On appeal, King argues that his state armed robbery conviction must be vacated because the State did not serve him with the capias within the four year statute of limitation applicable to first degree felonies. See § 775.15(2)(a), Fla.Stat. (1995) (prosecution for first degree felony must be commenced within four years of the commission of the crime). Because he was not served with the capias until some eight months after the expiration of the four year period, King contends that the prosecution was commenced untimely and he is therefore entitled to release.
Subsection 775.15(5) defines the commencement of a prosecution:
(5) A prosecution is commenced when either an indictment or information is filed, provided the capias, summons, or other process issued on such indictment or information is executed[[2]] without unreasonable delay. In determining what is reasonable, inability to locate the defendant after diligent search or the defendant's absence from the state shall be considered. If, however, an indictment or information has been filed within the time period prescribed in this section and the indictment or information is dismissed or set aside because of a defect in its content or form after the time period has elapsed, the period for commencing prosecution shall be extended 3 months from the time the indictment or information is dismissed or set aside.
(Footnote added).
The period of limitation may be extended for a period not to exceed three years pursuant to the provisions of subsection 775.15(6):
The period of limitation does not run during any time when the defendant is continuously absent from the state or has no reasonable ascertainable place of abode or work within the state, but in no case shall this provision extend the period of limitation otherwise applicable by more than 3 years.
King asserts that the legislature did not intend that subsection (6) apply to federal prisoners incarcerated outside of Florida, and because there was no evidence that the State had diligently attempted to serve him as required by subsection (5), the prosecution was barred.
The relationship between subsections 775.15(5) and (6) was discussed in State v. Picklesimer, 606 So.2d 473 (Fla. 4th DCA 1992) (Associate Judge Cobb writing for the majority with Associate Judges Cowart and Griffin concurring) (decided by a three judge panel of the Fifth DCA per Florida Supreme Court order), rev. denied, 618 So.2d 210 (Fla. 1993). There, Judge Cobb wrote:
In applying the three-year extension period referred to in subsection (6) of the Statutes to the provisions relating to execution of process in subsection (5), the trial court was mixing apples and oranges. Although both [sub]sections 775.15(5) and 775.15(6) provide similar justifications for the state's failure to serve the defendant, the two [sub]sections nonetheless are independent.
S[ubs]ection 775.15(5) allows the state to "relate back" the date of service to the date the information was filed. Wells v. State, 571 So.2d 563 (Fla. 5th DCA 1990) ("An eighteen-month delay without explanation is unreasonable and will not justify relating the `commencement' of the prosecution back to the filing of the information."); Walker v. State, 543 So.2d 353 (Fla. 5th DCA 1989) ("Although the state filed an information against the defendant within three-year limitation period, the state failed to execute the capias until more than ten years after the offense was *919 committed. Since this capias was executed after the three-year limitation period had expired, the state has the burden of proving that it had been diligent in its efforts to execute the capias in order to establish that the prosecution was timely.")[.] See also, Bragenzer v. State, 582 So.2d 142 (Fla. 5th DCA 1991) (Peterson, J., concurring) ("In light of ... Walker and Wells, we conclude that the state's single attempt to serve defendant in 1984 does not constitute a diligent search, and therefore the six-year delay in the execution of the capias is unreasonable.").
S[ubs]ection 775.15(6), on the other hand, is a provision which allows the statute of limitations for commencing prosecution (i.e., filing an information or an indictment) to be tolled for the period when the "defendant is continuously absent from the state or has no reasonably ascertainable place of abode or work within the state." Subsection (6) is not an absolute limitation upon prosecution after a specified time period. It merely allows for a delay of commencement of that prosecution for specified reasons.
We agree with Picklesimer's conclusion that subsections 775.15(5) and (6) are independent provisions. Provided that both the information and capias are served within the applicable period of limitations, whether or not that period is extended by the application of subsection 775.15(6), the prosecution must be deemed timely commenced. There is no need for an examination of whether the state was diligent in its efforts to serve a defendant under that scenario. Such is the instant case. Here, the period of limitation was tolled due to King's absence from the state. The information was filed and the capias was served within the period of limitation. Accordingly, the State's failure to adduce evidence that it had diligently attempted to execute the capias is irrelevant. The prosecution was timely commenced.
This having been said, we find that Brown v. State, 674 So.2d 738 (Fla. 2d DCA 1995), the case cited by King as requiring reversal of his conviction, is distinguishable on its facts. In Brown, the informations were timely filed, but the capiases were not executed until after the limitations period had expired. In determining whether the prosecutions had been timely begun, the Second District correctly focused on whether the capiases were "executed without unreasonable delay," a subsection (5) analysis.
King next argues that the State violated his right to be free from double jeopardy by trying him in state court on charges arising out of the same transaction as his federal court conviction. While he acknowledges that the Florida Supreme Court expressly resolved this issue against him in Booth v. State, 436 So.2d 36 (Fla.1983), he contends that "evolving attitudes in Florida and across the United States call for less government intrusion into our lives" and invites this court to adopt pre-Booth law, an invitation we decline.
AFFIRMED.
PETERSON, C.J., and W. SHARP, J., concur.
NOTES
[1] See § 812.13(2)(a), Fla.Stat. (1995).
[2] The Florida Supreme Court has construed the word "executed" as meaning the completion of service on the defendant. State v. Fields, 505 So.2d 1336 (Fla.1987).