697 So.2d 903 (1997)
Billy Jean NEAL, Petitioner,
v.
STATE of Florida, Respondent.
No. 97-01109.
District Court of Appeal of Florida, Second District.
July 18, 1997.
*904 James Marion Moorman, Public Defender, and Deborah Lynn Melnick, Assistant Public Defender, Bartow, for Petitioner.
Robert Butterworth, Attorney General, Tallahassee, and Tonja R. Vickers, Assistant Attorney General, Tampa, for Respondent.
PER CURIAM.
Billie Jean Neal seeks a writ of prohibition forbidding the trial court to proceed with her criminal prosecution. She maintains that the court lacks jurisdiction because the State commenced her prosecution after the statute of limitations for the charged offenses had lapsed. We agree. Accordingly, we grant Neal's petition and order the trial court to discharge her.
Prohibition is an appropriate method by which a criminal defendant who asserts that her prosecution is barred by the statute of limitations may challenge the trial court's jurisdiction to go forward. Cheffer v. Judge, Division "S", 15th Judicial Circuit, 614 So.2d 632 (Fla. 4th DCA 1993). We have jurisdiction.
The proceedings against Neal stemmed from her alleged involvement in a motor vehicle accident in Polk County on August 24, 1991. At that time she was charged with several criminal traffic offenses, including leaving the scene of an accident involving personal injury, a felony.[1] After Neal's arraignment was twice continued, she failed to appear on the third scheduled court date, October 14, 1991. On that day, the prosecutor announced a "no bill." The trial court record contains a written form memorandum on which the court initially indicated that Neal had failed to appear, and that a warrant was ordered for her arrest. This notation was then lined through, presumably when the assistant state attorney announced the decision not to proceed with the prosecution. The record is silent concerning the reason for Neal's failure to appear; we cannot discern whether she intended to elude prosecution, or perhaps had been advised of the State's plan to dispense with prosecution and simply failed to attend as a matter of personal convenience.
In any event, on December 30, 1991, the State filed an information with a new case number, charging Neal with driving under the influence with personal injury and with leaving the scene of an accident with injury, crimes growing out of the August 24, 1991, episode. After a summons to appear was returned unserved, the court issued a capias for Neal's arrest. The capias was not executed until November 27, 1996, when Neal *905 was detained following a routine traffic stop in Duval County. Neal moved to dismiss the information on the ground that her prosecution was barred by the statute of limitations.
When a criminal defendant challenges her prosecution as untimely commenced under the statute of limitations, the State has the burden to prove that the prosecution is not barred by the statute. State v. King, 282 So.2d 162 (Fla.1973); Colvin v. State, 541 So.2d 724 (Fla. 2d DCA 1989). A prosecution is commenced for these purposes "when either an indictment or information is filed, provided the capias, summons, or other process issued on such indictment or information is executed without unreasonable delay." § 775.15(5), Fla. Stat. (1989). An unexcused delay in serving the appropriate process until after the statute of limitations has run bars prosecution for the offenses charged. See generally Brown v. State, 674 So.2d 738 (Fla. 2d DCA 1995); State v. Miller, 581 So.2d 641 (Fla. 2d DCA 1991). Under section 775.15(6), Florida Statutes (1989), "[t]he period of limitation does not run during any time when the defendant is continuously absent from the state or has no reasonably ascertainable place of abode or work within the state," but in no case does that provision extend the applicable limitation period by more than three years. See Brown, 674 So.2d 738 n. 2; see also King v. State, 687 So.2d 917 (Fla. 5th DCA 1997); State v. Picklesimer, 606 So.2d 473, 475 (Fla. 4th DCA 1992).
Here, the most serious charge against Neal, leaving the scene of an accident with personal injury, is a third-degree felony, prosecution for which must be commenced within three years after it is committed. § 775.15(2)(b). During the three-year period following Neal's alleged offenses, the State timely undertook the first step in the commencement of her prosecution by filing the information. But it did not accomplish the second step, service of the capias, until more than five years after the date of the offenses.
Nonetheless, the State could have maintained its prosecution of Neal if it had proven either of two circumstances. First, the State might have demonstrated that the limitations period had been tolled pursuant to section 715.15(6), such that the service of the capias actually fell within the period. King, 687 So.2d at 919. The State's other alternative was to prove that its service of process beyond the limitations period was not unreasonable because it had been unable to locate Neal despite a diligent search. § 775.15(5); Picklesimer, 606 So.2d at 475-76.
At the hearing on Neal's motion, the assistant state attorney filed a sworn written traverse which alleged the following:
1) A computer search based on Neal's name and date of birth disclosed that her last known place of abode was an identified residence in Lakeland, Florida.
2) There was no indication in any public record of Neal's whereabouts.
3) Neal was known to have eight aliases.
4) Neal had no vehicle registered in her name, no property interests, no insurance, no license to drive, no professional licenses, and no voter registration.
The traverse asserted that "pursuant to section (6) of Fla. Stat. 775.15, the period of limitation should be tolled accordingly." At the hearing, the assistant state attorney added that when Neal was arrested she advised the Duval County Sheriff's Office that she was a self-employed housekeeper.
The trial court denied Neal's motion to dismiss. This was error, because the State wholly failed to meet its burden of proof. The prosecutor's unsworn representation obviously was not evidence. See Blimpie Capital Venture, Inc. v. Palms Plaza Partners, Ltd., 636 So.2d 838 (Fla. 2d DCA 1994) (holding that an attorney's argument interspersed with unsworn representations of fact cannot support a factual finding by a trial court); State v. Brugman, 588 So.2d 279 (Fla. 2d DCA 1991) (holding that, absent a stipulation, unsworn statements by attorney on motion to dismiss criminal charge do not establish facts, and the failure of opposing counsel to object does not cure the deficiency because orders on such a motion must be supported by competent evidence). The same is true of the traverse, which simply was filed with the court. Filing a document does not place it in evidence. See Turtle *906 Lake Assocs., Ltd. v. Third Financial Services, Inc., 518 So.2d 959 (Fla. 1st DCA 1988) (observing that the filing of a mortgage as an appendix to a complaint does not obviate the need to admit it into evidence for consideration of its content, and holding that pleadings are not themselves evidence); see also Fair v. Kaufman, 647 So.2d 167 (Fla. 2d DCA 1994).[2] Even if the prosecutor had made his statement in testimony under oath, reporting facts developed by a third party, or if the State had attempted to introduce the traverse into evidence, both properly would have been rejected as inadmissible hearsay. § 90.801, Fla. Stat. (1995).
Moreover, the facts advanced by the State would have been insufficient to satisfy its burden even if they had been proved. Nothing in the traverse or the prosecutor's representations established that Neal had been continuously absent from the state, or had lacked a reasonably ascertainable place of abode or work, at any time during the three years following her alleged offenses, as was required to toll the limitations period under section 715.15(6).
Nor did the State sufficiently allege that it was unable to serve the capias on Neal during the limitations period despite making diligent efforts to do so. The traverse did not disclose the source of the information it alleged, but the nature of that information implied a search that extended no further than the sundry public records. That was not enough. As the Fourth District pointed out in State v. Mack, 637 So.2d 18 (Fla. 4th DCA 1994), there are many other potential sources of information that could lead to the discovery of a person's whereabouts.[3] Some  the telephone directory, for example  are so common and easily accessible that no search that omitted them could possibly be deemed diligent.
Even more glaring was the failure of the traverse to state whether or when the State actually had searched for Neal. Although the traverse recited facts that might have made Neal more difficult to find than the average person, the document did not disclose when those facts were obtained. Indeed, the record offers nothing to preclude the possibility that the State conducted its records search on the very day that the traverse was drafted and filed with the court. The State's burden was to prove that it actually had made a diligent search for Neal, that it had been unable to locate her, and that its failure to serve the capias in a timely fashion resulted from that inability. This burden could not be met by the State's mere suggestion that Neal would have been difficult to find if a search had been made.
In response to this petition the State argues, as it did below, that Neal's failure to appear at her scheduled October 1991 arraignment was, in itself, reason to excuse the untimely commencement of her prosecution. But, with no evidence to suggest that Neal's absence from court on that day in some way foiled a diligent effort to locate her, we reject that argument. We note that even a prison escapee has been afforded relief when the statute of limitations for the escape charge *907 expired before his recapture. Myron Fleming escaped from Florida State Prison, and was discovered over three years later in Georgia. His motion to dismiss the escape charge on statute of limitations grounds failed in the trial court, but on appeal the First District concluded that the State had not proved that its delay in serving the warrant was reasonable; Fleming's conviction was reversed. See Fleming v. State, 524 So.2d 1146 (Fla. 1st DCA 1988).[4]See also Gilmore v. State, 602 So.2d 578 (Fla. 1st DCA 1992) (holding that the trial court properly denied a prison escapee's motion to dismiss based on the statute of limitations after the court heard evidence of diligent efforts to locate the defendant immediately following the escape and before the capias issued). If a defendant's escape from a secure correctional institution does not itself excuse the State's untimely service of criminal process upon him, neither does a defendant's failure to attend a court hearing standing by itself.
The State's failure to present any evidence to explain or excuse its delay in serving the arrest warrant in this case is fatal to the prosecution. See Wells v. State, 571 So.2d 563 (Fla. 5th DCA 1990) (receded from on different grounds in State v. Hampton, 692 So.2d 278 (Fla. 5th DCA 1997)); Fleming, 524 So.2d 1146. Therefore, we grant the petition, issue the writ, and order the trial court to discharge Billie Jean Neal.
FULMER, A.C.J., and QUINCE and NORTHCUTT, JJ., concur.
NOTES
[1] § 316.027(1), Fla. Stat. (1989).
[2] It is true that under Florida Rule of Criminal Procedure 3.190(d), the mere filing of a sworn traverse that contradicts material facts alleged in a defendant's motion to dismiss pursuant to rule 3.190(c)(4) automatically defeats the motion. The reason is obvious: under the rule authorizing it, a "(c)(4) motion" must show that there are no issues of material fact and that the undisputed facts do not establish a prima facie case of the defendant's guilt. When responding to such a motion, the State is merely obliged to demonstrate either that there is a dispute of material fact or that the undisputed facts do make out a prima facie case against the defendant. In neither instance is the court called upon to make determinations of fact. See State v. Gutierrez, 649 So.2d 926, 928 (Fla. 3d DCA 1995). In contrast, here the State was required to prove facts that would justify its failure to commence its prosecution of Neal within three years after her alleged offenses. That fact determination could be made only upon the introduction of substantial, competent evidence. See Wells v. State, 571 So.2d 563 (Fla. 5th DCA 1990).
[3] The Mack court, borrowing from a circuit court appellate opinion, provided a useful list of common leads: the telephone book, the city directory, driver's license records, vehicle license records, property tax records, voter's registration records, the probation office, local utility companies, law enforcement agencies, state attorney's office, schools, armed forces, the prison system, relatives of the defendant, witnesses in the case, and marriage and name change records. See State v. Mack, 637 So.2d 18, 19 (Fla. 4th DCA 1994).
[4] Currie v. State, 605 So.2d 971 (Fla. 3d DCA 1992), casts some doubt on the viability of the notion that prison escape by itself cannot excuse the untimely service of criminal process. The Currie court, however, perceived no conflict with Fleming v. State, 524 So.2d 1146 (Fla. 1st DCA 1988), pointing out that Fleming was decided entirely upon the failure of the State to present evidence at a hearing on the issue. We, too, ground our decision on the State's failure to present any evidence at the hearing, and we believe that Fleming continues as sound authority for the principle that prison escape, standing alone, does not render a delay in executing process on the escapee reasonable.