718 So.2d 905 (1998)
Samuel Merrill LUCAS, Petitioner,
v.
The STATE of Florida, Respondent.
No. 98-1829.
District Court of Appeal of Florida, Third District.
September 23, 1998.
*906 Bennett H. Brummer, Public Defender, and Robert Kalter, Assistant Public Defender, for petitioner.
Robert A. Butterworth, Attorney General, and Paulette R. Taylor, Assistant Attorney General, for respondent.
Before COPE, GODERICH and SHEVIN, JJ.
SHEVIN, Judge.

On Petition for Writ of Prohibition
Samuel Merrill Lucas petitions this court for a writ of prohibition, barring the trial court from proceeding with Lucas's prosecution. Lucas correctly asserts that the statute of limitation has run. We grant prohibition.
On June 11, 1994, Lucas was arrested and charged with several misdemeanor offenses. On November 16, 1994, the state indicated it was going to file an information charging Lucas with a third degree felony but it never actually did so. The state did give Lucas a copy of the information it intended to file. The court granted the state a continuance. On December 14, the state filed the felony information and nolle prossed the misdemeanor charges. Lucas did not appear at the January 4, 1995, arraignment and the court issued a capias. Lucas was not served with the capias until May 21, 1998, three years and eleven months after the date of the offense or arrest.
Lucas filed a motion to dismiss the felony information asserting that the statute of limitations had run prior to service of capias. The state argued that Lucas got a copy of the information on November 16, 1994, putting him on notice of the charges against him, and tolling the statute. The trial court denied the motion to dismiss. Lucas petitioned for a writ of prohibition.
Section 775.15(2)(b), Florida Statutes (1993), requires that prosecutions for third degree felonies commence within three years of commission of the offense. Pursuant to section 775.15(5), Florida Statutes (1993), "the mere filing of an information does not commence a prosecution. A prosecution is not commenced by filing an information unless a capias is issued and executed without unreasonable delay." State v. Miller, 581 So.2d 641, 642 (Fla. 2d DCA), review dismissed, 584 So.2d 999 (Fla.1991). When the defendant challenges the court's jurisdiction by raising the statute of limitations, the State has the burden of demonstrating that the statute does not bar prosecution. Bonel v. State, 651 So.2d 774 (Fla. 3d DCA 1995); *907 Bragenzer v. State, 582 So.2d 142 (Fla. 5th DCA 1991).
To determine whether a delay in serving the defendant has been unreasonable the court must consider whether a diligent search was made to locate the defendant or whether the defendant was absent from the state. § 775.15(5), Fla. Stat. (1993). In this case, the State does not make any assertion that the defendant was absent from the State, and the State's efforts to execute the capias were not diligent. The record reflects that service was attempted only once. The prosecutor announced in open court that "[d]ue to the volume of warrants in Dade County, their procedure is, once it is attempted to be served once, that meets their requirement of due diligence." We note that the prosecutor was reporting to the court information allegedly received from the police department warrants division.
Here, as in Neal v. State, 697 So.2d 903 (Fla. 2d DCA 1997), the record is glaringly silent with respect to whether the state actually searched for Lucas. We have only the prosecutor's assertion that service was attempted once. This is insufficient to meet the state's burden. A single attempt to serve a capias is insufficient to establish a diligent search for defendant. Wright v. State, 600 So.2d 1248 (Fla. 5th DCA 1992); Bragenzer; Sherley v. State, 538 So.2d 148 (Fla. 5th DCA 1989). There is no allegation in the record that Lucas was absent from the state or had no ascertainable residence or place of employment. Neal, 697 So.2d at 906. This court has held that where the state offers no evidence of the efforts made to locate the defendant "the search has not been diligent and the delay cannot be held sufficiently reasonable." McNeil v. State, 673 So.2d 125, 126 (Fla. 3d DCA 1996). See Bonel v. State, 651 So.2d 774 (Fla. 3d DCA 1995); Brown v. State, 674 So.2d 738 (Fla. 2d DCA 1995).[1] To satisfy the burden of having conducted a "diligent search"
the state must check obvious sources of information and follow-up any leads to establish a diligent search. Obvious sources of information include the telephone book, the city directory, driver's license records, vehicle license records, property tax records, the probation office, local utility companies, law enforcement agencies, state attorney's office, schools, armed forces, and prison system. Other sources are relatives of the defendant and witnesses in the case.
State v. Mack, 637 So.2d 18, 19-20 (Fla. 4th DCA 1994). Nothing in this record demonstrates any reasonable search for Lucas. If the record demonstrated a reasonable and diligent search for Lucas the statute of limitations would have been tolled and prohibition would be denied.
As an alternative argument, the state asserts that the statute of limitations was tolled and prosecution was timely commenced because it served a copy of the proposed information on Lucas; hence, Lucas was on notice of the charges against him. This argument is unavailing. The Florida Supreme Court has established that commencing prosecution requires execution of the capias upon the defendant, and that "the word `executed' in section 775.15(5) can only mean service upon the defendant." State v. Fields, 505 So.2d 1336, 1337 (Fla.1987); Bragenzer. Nothing in the statute affords the state the option of putting the defendant on notice of the possible charges. "One of the fundamental tenets of statutory construction requires that we give statutory language its plain and ordinary meaning...." Spicer v. Overby, 613 So.2d 548, 549 (Fla. 3d DCA 1993). The plain meaning of the statute does not provide for "notice" to defendant. "[S]ection 775.15, provides an express and unambiguous definition of [commencement of prosecution] and it does not include the act of arresting a person and notifying him of the charges that the state may or may not file against him at a later date." State v. Watkins, 685 So.2d 1322, 1323 (Fla. 2d DCA 1996)(emphasis added). As the state concedes in its supplemental response, there is no authority for the service of an information that has not been filed with the court. See Spicer, 613 So.2d at 549 (§ 775.15(5) does not *908 authorize issuance of capias before an information is filed). Hence, turning over a copy of a proposed information is insufficient to commence prosecution nor does it toll the statute of limitations.
Based on the foregoing, we grant prohibition and order the defendant discharged forthwith from Circuit Court Case No. 94-42247.[2]
NOTES
[1] Additionally, a defendant's failure to appear at a hearing, in and of itself, does not excuse untimely service. Neal, 697 So.2d at 907.
[2] By unpublished order, we previously released defendant from custody on this charge.