765 So.2d 163 (2000)
Alphonso LEWIS a/k/a Calvin Green, Petitioner,
v.
STATE of Florida, Respondent.
No. 2D00-1905.
District Court of Appeal of Florida, Second District.
June 30, 2000.
Julianne Holt, Public Defender, Tampa Phil Lilavois, Assistant Public Defender, Tampa for Petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Deborah F. Hogge, Assistant Attorney General, Tampa, for Respondent.
PER CURIAM.
Alphonso Lewis a/k/a/ Calvin Green has filed a petition for writ of prohibition seeking to prohibit the State from proceeding with the prosecution of three charges against him, a first-degree felony, a second-degree felony, and a first-degree misdemeanor. Lewis claims that the prosecution is barred by the statutes of limitations set out in section 775.15, Florida Statutes (1995), which is four years for the first-degree felony, three years for the second-degree felony, and two years for the first-degree misdemeanor. Because the capiases for these offenses were executed after the expiration of the applicable statutes of limitations, we grant the petition for writ of prohibition.
Section 775.15(5) provides that a prosecution is commenced when an information is filed, "provided the capias ... is executed without unreasonable delay." The information against Lewis was filed well within the limitations period; however, the State concedes that Lewis's December 16, 1999, arrest was after the expiration of the four-year limitations period. When a defendant raises the statute of limitations as a defense to prosecution, the State has the burden to prove that the prosecution is not barred. See Neal v. State, 697 So.2d 903 (Fla. 2d DCA 1997).
The State contends that the charges should not be dismissed because the State was unable to locate Lewis within the time prescribed by the statute after a diligent search. Testimony at the hearing on Lewis's motion to dismiss the information revealed that during the first six months after the information was filed, the investigating detective talked with individuals in the community who might have knowledge of Lewis's location, and "surveilled" his former residence and the residence of a *164 woman thought to be Lewis's girlfriend. After the initial six months, the detective continued to watch the residence of the woman he had been informed was Lewis's girlfriend.
These efforts to locate Lewis do not rise to the level of a diligent search. The State did not offer evidence that it had checked driver's license records, or any other readily accessible records such as utility records or the telephone book. See Neal, 697 So.2d at 903; State v. Mack, 637 So.2d 18 (Fla. 4th DCA 1994). Evidence presented at the hearing indicated Lewis remained in Hillsborough County and had a driver's license and a cable account in his name during the time between issuance of the capias and his arrest.
Therefore, we grant the petition, issue the writ, and order the trial court to discharge Lewis on the charges that are the subject of the petition.
THREADGILL, A.C.J., and BLUE and GREEN, JJ., Concur.