784 So.2d 1188 (2001)
Michael NORRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-1744.
District Court of Appeal of Florida, Second District.
April 11, 2001.
*1189 James Marion Moorman, Public Defender, and Allyn M. Giambalvo, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jonathan P. Hurley, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Acting Chief Judge.
Michael Norris contends the statute of limitations barred his prosecution for possession of drug paraphernalia and possession of methamphetamine. We agree with him because the State failed to show that its delay in commencing the prosecution was not unreasonable.
The offenses leading to the instant charges occurred on April 3, 1995, and Norris was arrested the next day. He was diverted to drug court, but failed to appear on August 22, 1995, and a capias was issued. The State filed an information on April 9, 1996, upon which the court set an arraignment for April 22, 1996. No summons issued for Norris's appearance, and the capias remained outstanding until November 17, 1999, when he was arrested and brought to a first appearance. Norris moved to dismiss the charges, asserting the statute of limitations bar.
The 1993 statute in effect at the time of Norris's offenses controls. Brown v. State, 674 So.2d 738, 739 (Fla. 2d DCA 1995). Accordingly, the prosecution for Norris's misdemeanor and third-degree felony must have commenced within two years and three years, respectively, after he committed them. § 775.15(2), Fla. Stat. (1993). A prosecution is commenced when either an indictment or information is filed, provided the capias, summons or other process is executed without unreasonable delay. § 775.15(5). The burden is on the State to demonstrate that a delay in the execution of a capias was not unreasonable. Brown, 674 So.2d at 740-741. An unexcused delay in serving appropriate process until after the statute of limitations has run bars prosecution for the offenses charged. Neal v. State, 697 So.2d 903, 905 (Fla. 2d DCA 1997). Under section 775.15(6), Florida Statutes (1993), the limitation period does not run during any time when the defendant is continuously absent from the state or has no reasonably ascertainable place of abode or work within the state, but in no case does that provision extend the applicable limitation period by more than three years. Brown, 674 So.2d at 738 n. 2.
Here, the State did not contradict Norris's testimony that he had lived at the same address in Polk County from the time of the offenses until July, 1999. Nor did it demonstrate that it had made any effort whatever to locate Norris in order to serve the outstanding capias. Rather, the court below appeared swayed by Norris's acknowledgment that he used an alias in connection with a marijuana possession charge in 1998. However, this one use of an assumed name did not prove that the State could not have located Norris if it had bothered to look. In short, the State *1190 tendered no evidence to demonstrate that the delay in executing the capias was reasonable. That being the case, the statute of limitation barred Norris's prosecution for these offenses. Neal, 697 So.2d at 906-907.
Reversed and remanded with directions to discharge the defendant.
DAVIS, J., and CAMPBELL, MONTEREY, (Senior) Judge, concur.