784 So.2d 1239 (2001)
Frederick SUTTON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-2228.
District Court of Appeal of Florida, Second District.
May 2, 2001.
*1240 James Marion Moorman, Public Defender, Bartow, and William L. Sharwell, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and John M. Klawikofsky, Assistant Attorney General, Tampa, for Appellee.
*1241 THREADGILL, Acting Chief Judge.
The appellant challenges the trial court's denial of his motion to dismiss an information on the ground that the State failed to commence prosecution within the limitations periods set forth in section 775.15(2)(b) and (c), Florida Statutes (1995). Because the State failed to demonstrate that the prosecution was not barred by the limitations period, we reverse.
On January 22, 1996, the appellant was arrested for possession of a firearm by a convicted felon and resisting an officer without violence, with both offenses having allegedly occurred on that date. On February 27, 1996, he was released on his own recognizance, purportedly for the State's failure to file an information. On May 1, 1996, the State filed an information charging the appellant with possession of a firearm by a convicted felon, a second-degree felony, and resisting an officer without violence, a first-degree misdemeanor. On May 2, 1996, a notice of court date was served on the appellant's public defender. After the appellant failed to appear at a September 3, 1996 court date, a bench warrant was issued for his arrest. On August 25, 1999, the appellant was arrested on the bench warrant.
On November 12, 1999, the appellant's public defender filed a motion to dismiss the information for failure to prosecute within the statutory limitations periods. The unverified motion alleged that the appellant had remained continuously in Bradenton since his arrest and had lived openly under his name. At a hearing on the motion, the State presented the testimony of Deputy Lee Wallis, who testified that he attempted to execute the bench warrant on September 9, 1996. He went to the address on the warrant, which was the appellant's mother's residence, and he was told by the appellant's sister that the appellant was in Georgia. The sister stated that she did not know when the appellant would return. The deputy searched the home, but he did not find the appellant. He advised other deputies of the outstanding warrant and told them to arrest the appellant if they saw him. The deputy did not take any other steps to locate the appellant. The trial court denied the motion to dismiss on the basis that the appellant had already been arrested and ordered to stay in contact with his public defender. The trial court also found it was unrebutted that the deputy was told the appellant had gone to Georgia. The appellant pleaded nolo contendere to the charges, reserving his right to appeal the denial of his dispositive motion to dismiss.
Section 775.15(2)(b) and (c) provides that a prosecution for a second-degree felony must be commenced within three years after it is committed, and a prosecution for a first-degree misdemeanor must be commenced within two years after it is committed. "A prosecution is commenced when either an indictment or information is filed, provided the capias, summons, or other process issued on such indictment or information is executed without unreasonable delay." § 775.15(5). The word "executed" has been construed to mean completion of service on the defendant. Brown v. State, 674 So.2d 738 (Fla. 2d DCA 1995). In this case, process was first served on the appellant more than three years and seven months after the commission of the offenses.
Once the jurisdiction of a court is challenged by raising the statute of limitations, the burden is on the State to establish that the offense is not barred by the statute. State v. Miller, 581 So.2d 641 (Fla. 2d DCA 1991). Further, statutory time limitations upon criminal prosecutions must be liberally construed in favor of the accused. State v. Watkins, 685 So.2d 1322 (Fla. 2d DCA 1996). In Watkins, this court held that the term "commencement *1242 of prosecution," as defined in section 775.15(5), does not include the act of arresting a person and notifying him of charges the State may file against him at a later date. 685 So.2d at 1323. Thus, the appellant's arrest on the charges before the filing of the information was insufficient to commence prosecution. The statute specifically requires the filing of the information and the execution, without unreasonable delay, of process issued on that information. Similarly, although the trial court noted at the motion hearing that a notice of court date had been served on the appellant's public defender, the State did not prove that the notice in question was process issued on the information.
The issue, therefore, becomes whether the bench warrant issued in this case was executed without unreasonable delay. Again, the burden was on the State to prove that the delay was not unreasonable. See Brown, 674 So.2d at 740. In determining what is reasonable, an inability to locate a defendant after a diligent search or the defendant's absence from the state shall be considered. § 775.15(5). A single visit to a defendant's residence is not a diligent search within the meaning of section 775.15(5). Wright v. State, 600 So.2d 1248 (Fla. 5th DCA 1992). The State must check obvious sources of information such as telephone books, driver's license and vehicle records, and property and utility recordsto establish a diligent search. Lucas v. State, 718 So.2d 905 (Fla. 3d DCA 1998); see also Lewis v. State, 765 So.2d 163 (Fla. 2d DCA 2000). The State failed to demonstrate a diligent search in this case.
Finally, we do not believe the sister's statement to the deputy that the appellant was in Georgia was sufficient to support a tolling of the statute pursuant to section 775.15(6), which provides that "[t]he period of limitation does not run during any time when the defendant is continuously absent from the state or has no reasonably ascertainable place of abode or work within the state...." The deputy testified that the sister stated she did not know when the appellant would return from Georgia. This testimony is insufficient to establish the appellant's continuous absence from the state.
Because the State failed to meet its burden by demonstrating that the statute of limitations did not bar prosecution in this case, we reverse and remand with instructions to discharge the appellant.
WHATLEY and CASANUEVA, JJ., concur.