STRINGER, Judge.
Appellant, Phiniey Gray, challenges his conviction for resisting an officer without violence, three counts of forgery, and three counts of uttering a forged instrument. Appellant alleges that the trial court should have granted his motion to dismiss the information because the charges were filed more than three years after the date of the offenses. We agree and reverse.
All of appellant’s offenses were alleged to have occurred on December 6, 1996. The forgery and uttering a forged instrument charges, which are third-degree felonies, were based upon appellant’s signing the name of his brother, Samuel Gray, on three traffic tickets. The State did not file an information on these charges until May 10, 2000. Appellant filed a motion to dismiss the information alleging that it violated the statute of limitations because it was filed more than three years after the date of the offenses.
At the hearing on the motion, the State argued that section 775.15(3)(a), Florida Statutes (1995),[1] provides that the statute *756 of limitations may be extended for three years when the offenses are based on fraud and when the prosecution is commenced within one year after the fraud is discovered by the aggrieved party. Appellant argued that Samuel Gray was the aggrieved party, and thus, the operative date for purposes of section 775.15(3)(a) was the date that Samuel Gray received notice that his driver’s license was suspended for failure to pay the fines on the three traffic tickets. Appellant introduced in evidence a certified copy of Samuel Gray’s driving record, which reflected that the notice of suspension was sent to Samuel Gray on March 3, 1997.
The State argued that the operative date was February 2, 2000, the date that Samuel Gray reported the forgery of his signature on the tickets to the Lakeland Police Department. However, the State offered no evidence, other than the prosecutor’s unsworn statements, that would establish this date as the date the offense was discovered. The trial court denied the motion to dismiss. This was error.
A charging document must show on its face that prosecution was commenced within the statute of limitations. If it does not, then the State must allege facts to show that the statute of limitations was tolled. Sturdivan v. State, 419 So.2d 300 (Fla.1982); State v. Robbins, 780 So.2d 89 (Fla. 2d DCA 2000).
“Once the jurisdiction of a court is challenged by raising the statute of limitations, the burden is on the State to establish that the offense is not barred by the statute.” Sutton v. State, 784 So.2d 1239, 1241 (Fla. 2d DCA 2001). The burden is not on the defendant to establish that the State could not rely on the three-year extension set forth in section 775.15(3)(a). Rather, the burden is on the State to establish the date of discovery of the offense by the aggrieved party or by a person who has a legal duty to represent the aggrieved party. Maguire v. State, 453 So.2d 438, 439 (Fla. 2d DCA 1984).
The only competent evidence submitted to the trial court was the certified copy of Samuel Gray’s driving record.[2] The pros *757 ecutor’s unsworn representations concerning Samuel Gray’s reporting of the offenses to the Lakeland Police Department were not sufficient evidence to establish the date of discovery of the offense. See Neal v. State, 697 So.2d 903 (Fla. 2d DCA 1997). Thus, the State failed to meet its burden of establishing that it filed the information within a year from the date of discovery.
As to the charge of resisting an officer without violence, it is clear that the charge was filed outside of the two-year statute of limitation for a first-degree misdemeanor. Since the charge does not relate to a claim of fraud or breach of fiduciary obligation, appellant should have also been discharged from this offense.
Accordingly, we reverse the trial court’s denial of appellant’s motion to dismiss the information and his resulting conviction and sentence and remand with directions that appellant be discharged.
Reversed and remanded with directions.
THREADGILL, A.C.J., and SILBERMAN, J., concur.

. Section 775.15, Florida Statutes (1995), provides, in part:
(1) A prosecution for a capital or life felony may be commenced at any time. In *756 the event that the death penalty is held to be unconstitutional by the Florida Supreme Court or the United States Supreme Court, all crimes designated as capital felonies shall be considered life felonies for the purposes of this section, and prosecution for such crimes may be commenced at any time.
(2) Except as otherwise provided in this section, prosecutions for other offenses are subject to the following periods of limitation:
(a) A prosecution for a felony of the first degree must be commenced within 4 years after it is committed.
(b) A prosecution for any other felony must be commenced within 3 years after it is committed.
(c) A prosecution for a misdemeanor of the first degree must be commenced within 2 years after it is committed.
(d) A prosecution for a misdemeanor of the second degree or a noncriminal violation must be commenced within 1 year after it is committed.
[[Image here]]
(3) If the period prescribed in subsection (2) has expired, a prosecution may nevertheless be commenced for:
(a) Any offense, a material element of which is either fraud or a breach of fiduciary obligation, within 1 year after discovery of the offense by an aggrieved party or by a person who has a legal duty to represent an aggrieved party and who is himself not a party to the offense, but in no case shall this provision extend the period of limitation otherwise applicable by more than 3 years.

. Section 322.201, Florida Statutes (1999), provides that certified copies of driving records will be received as evidence in any court of Florida without further authentication.