PER CURIAM.
The appellant appeals her conviction on the basis that the trial court should not *298 have denied her motion to dismiss. The appellant claims that the trial court lacked jurisdiction to convict her where the state failed to serve her with any process within the statute of limitations period, and did not show any due diligence in attempting to locate her for such service. We agree.
Once the jurisdiction of the trial court was challenged by the appellant raising a statute of limitations issue, the state had the burden of establishing that the offense was not barred by the statute of limitations. See Fleming v. State, 524 So.2d 1146, 1146-47 (Fla. 1st DCA 1988); Sutton v. State, 784 So.2d 1239, 1241 (Fla. 2d DCA 2001); Wright v. State, 600 So.2d 1248, 1249-1250 (Fla. 5th DCA 1992). To do this, the state .had to present evidence that it made a diligent search to locate and serve the appellant within the statute of limitations period. See § 775.15(5), Fla. Stat. (1995); Fleming, 524 So.2d at 1147; Coleman v. State, 655 So.2d 1239, 1239 (Fla. 1st DCA 1995); Norris v. State, 784 So.2d 1188, 1189 (Fla. 2d DCA 2001); Neal v. State, 697 So.2d 903, 905 (Fla. 2d DCA 1997); Bonel v. State, 651 So.2d 774, 776 (Fla. 3d DCA 1995). The record does not reflect that the state presented any evidence that it attempted to locate the appellant and serve her with process within the statute of limitations period. In the absence of such evidence, the state did not satisfy its burden of establishing that the appellant’s offense was not barred by the statute of limitations. See Fleming, 524 So.2d at 1146-47; Sutton, 784 So.2d at 1241; Wright, 600 So.2d at 1249-1250.
REVERSED and REMANDED.
BARFIELD, MINER and POLSTON, JJ., concur.