637 So.2d 18 (1994)
STATE of Florida, Appellant,
v.
Lisa D. MACK, Appellee.
No. 93-2401.
District Court of Appeal of Florida, Fourth District.
May 11, 1994.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John Tiedemann, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Mallorye G. Cunningham, Asst. Public Defender, West Palm Beach, for appellee.
KLEIN, Judge.
The state appeals an order granting defendant's motion to dismiss an information on *19 the ground that the statute of limitations had expired before the capias was served. We affirm.
The state filed an information charging defendant with several third degree felonies on December 3, 1984, alleging they had been committed between April and June 1982. A capias was issued on December 3, 1984, but was not served on defendant until January 29, 1993.
The statutes of limitation applicable are those which were in effect at the time of the incidents giving rise to the criminal charges. State v. Picklesimer, 606 So.2d 473, 474 (Fla. 4th DCA 1992), review denied, 618 So.2d 210 (1993). The state had three years from the commitment of the crimes to commence prosecution on two of the third degree felonies, which involved insurance fraud, and five years to commence prosecution for the charge of grand theft. Sections 775.15(2)(b) and 812.05(1), Florida Statutes (1981).
Section 775.15(5), Florida Statutes (1981) provided in pertinent part:
A prosecution is commenced when either an indictment or information is filed, provided the capias, summons or other process issued on such indictment or information is executed without unreasonable delay. In determining what is reasonable, inability to locate the defendant after diligent search or the defendant's absence from the state shall be considered.
In the present case the trial court held an evidentiary hearing on the statute of limitations and found as a matter of fact that the state was not diligent in its search.
The state's evidence as to its efforts to serve defendant can be summarized as follows. An officer checked defendant's residence in Broward County once in February and once in March 1985, and discovered defendant had moved and not left a forwarding address. A notation in the file said she had possibly moved to Largo, Florida. In May 1985 a Tampa investigator could not locate defendant in Largo after checking with the company managing the apartment at her supposed address, the telephone company, and the utility company.
There was a notation in the file that a criminal background and driver's license check in 1987 did not reveal anything. In June 1993 an investigator did a driver's license check, and it revealed that the defendant had a driver's license under the name of Lisa Schneider. It was then discovered that the defendant had obtained a marriage license in Broward County in November of 1985, and that her married name was Schneider.
We affirm the order of dismissal because we conclude that the record supports the trial court's finding that there was an unreasonable delay. State v. Fields, 505 So.2d 1336 (Fla. 1987). Although there is not an abundance of case law to guide us as to what the state must do to make a diligent search in criminal cases, in Kyte v. State, 49 Fla. Supp.2d 40, 42 (5th Cir.Ct. 1991), Judge McNeal, writing in a similar case on appeal from county court, looked to civil cases:
Civil cases apply a common sense approach in evaluating whether a search was diligent. The test is "whether the complainant reasonably employed knowledge at his command" in making the search. McDaniel v. McElvy, 91 Fla. 770, 108 So. 820, 831 (1926). If obvious sources of information are not utilized, there is not a diligent search. See, e.g. Wiggam v. Bamford, 562 So.2d 389 (Fla. 4th DCA 1990) (attempting service at defendant's address, checking the telephone directory, calling directory assistance, checking with the Post Office, and hiring an investigative agency are not a diligent search because no one asked defendant's attorney for the information), Knabb v. Morris, 492 So.2d 839 (Fla. 5th DCA 1986) (investigating three addresses, the telephone directory, the postal service and several utility companies was not a diligent search because the accident report contained the names and addresses of other occupants of the car, obvious leads that were not utilized).
We adopt the same common sense approach in criminal cases for evaluating the issue of diligent search. We hold that the state must check obvious sources of information and follow-up any leads to establish a diligent search. Obvious sources of information *20 include the telephone book, the city directory, driver's license records, vehicle license records, property tax records, voter's registration records, the probation office, local utility companies, law enforcement agencies, state attorney's office, schools, armed forces, and prison system. Other sources are relatives of the defendant and witnesses in the case.
To that we would add one other obvious source which would have made the difference here: marriage or name change records. We do not suggest that the above sources are all-inclusive, nor do we suggest that failure to consult all of them will not constitute a diligent search. Each case must be judged on its own facts as well as under the principle that statutes of limitation in criminal cases are to be liberally construed in favor of the accused. In Reino v. State, 352 So.2d 853, 860 (Fla. 1977), our supreme court quoted from Toussie v. United States, 397 U.S. 112, 114-15, 90 S.Ct. 858, 860, 25 L.Ed.2d 156 (1970):
The purpose of a statute of limitations is to limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the legislature has decided to punish by criminal sanctions. Such a limitation is designed to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past. Such a time limit may also have the salutary effect of encouraging law enforcement officials promptly to investigate suspected criminal activity. For these reasons and others, we have stated before "the principle that criminal limitations statutes are `to be liberally interpreted in favor of repose.'"
Affirmed.
DELL, C.J., and STONE, J., concur.