PER CURIAM.
Armengol Hernandez seeks a writ of prohibition preventing the circuit court from proceeding with his criminal prosecution. In a previous order of this court, we granted the petition for writ of prohibition, and this opinion now follows. Hernandez maintains that the State failed to timely commence prosecution. See § 775.15, Fla. Stat. (Supp.1998). We agree and order the circuit court to discharge Hernandez if it has not already done so.
On May 8, 1998, the State filed an information against Hernandez charging him with interference with custody, alleged to have occurred between February 6, 1998, and May 8, 1998. Simultaneously, the circuit court issued a capias for Hernandez’s arrest. The capias was not executed until April 22, 2005, approximately seven years after its issuance. Shortly thereafter, Hernandez moved to dismiss the information on the ground that his prosecution was not timely commenced and, thus, was barred by the statute of limitations. The circuit court denied Hernandez’s motion to dismiss.
When a criminal defendant challenges his prosecution as untimely commenced, the State has the burden to establish that the prosecution is not barred by the statute of limitations. See State v. King, 282 So.2d 162, 164 (Fla.1973); Norris v. State, 784 So.2d 1188, 1189 (Fla. 2d DCA 2001); Neal v. State, 697 So.2d 903, 905 (Fla. 2d DCA 1997). For these purposes, prosecution is commenced “when either an indictment or information is filed, provided the capias, summons, or other process issued on such indictment or information is executed without unreasonable delay.” § 775.15(5)(b). An unexcused delay in executing service bars the prosecution for the offense charged. Norris, 784 So.2d at 1189; Neal, 697 So.2d at 905. See generally Brown v. State, 674 So.2d 738 (Fla. 2d DCA 1995); State v. Miller, 581 So.2d 641 (Fla. 2d DCA 1991). Pursuant to section 775.15(6), the statute of limitations may be tolled if a defendant is continuously absent from the state or has no reasonably ascertainable place of abode or work within the state.
A review of the record demonstrates that the State failed to make a sufficient showing that would avoid the implication of the statute of limitations referenced in section 775.15. Because the State failed to make such a showing, the circuit court erred by denying Hernandez’s motion to dismiss. Therefore, we granted the petition and issued the writ, and now order the circuit court to discharge Armengol Hernandez in case number CF98-02780A-XX.
FULMER, C.J., and DAVIS and La-ROSE, JJ., Concur.