920 So.2d 810 (2006)
Breffnay CUNNELL, Petitioner,
v.
STATE of Florida, Respondent.
No. 2D05-5539.
District Court of Appeal of Florida, Second District.
February 17, 2006.
James Marion Moorman, Public Defender, and Shawn A. Jiles, Assistant Public Defender, Bartow, for Petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Respondent.
PER CURIAM.
Breffnay Cunnell seeks a writ prohibiting the circuit court from proceeding with a criminal prosecution against her. Ms. *811 Cunnell argues that the State failed to commence the prosecution within the time periods established in the applicable statutes of limitations. § 775.15, Fla. Stat. (2000).[1] We agree. Because the start of Ms. Cunnell's trial was imminent, we granted her petition by a prior unpublished order. We issue this opinion to explain our ruling.

FACTS AND PROCEDURAL HISTORY
The State filed a two-count information charging Ms. Cunnell with possession of heroin, a third-degree felony, and possession of marijuana, a first-degree misdemeanor. The State alleged that Ms. Cunnell committed these offenses in Polk County on March 29, 2001. The information was filed on May 15, 2001, and a capias for Ms. Cunnell's arrest on the charges issued the same day. Ms. Cunnell was arrested on the capias in Wakulla County on May 30, 2005, approximately four years later.
Ms. Cunnell moved to dismiss the information on the ground that the State had failed to commence the prosecution within the period of the statute of limitations applicable to each offense. At a hearing on the motion held in September 2005, Ms. Cunnell testified that she was currently residing at an address in Crawfordville, Wakulla County, Florida. Ms. Cunnell said that her Crawfordville address had been her permanent residence for the past eight years. Ms. Cunnell testified further that at the time of the alleged offenses, she had been employed on a construction job in Polk County. In connection with her employment, Ms. Cunnell had taken a temporary residence at a hotel in Lake Wales approximately two years earlier. When the job ended some time in 2003, Ms. Cunnell returned to her permanent residence in Crawfordville.
The only other witness to testify at the hearing was Detective Charles David Hicks, an administrative detective in the warrants section of the Polk County Sheriff's Office (P.C.S.O.). Detective Hicks had no personal knowledge concerning the P.C.S.O.'s efforts to serve the capias on Ms. Cunnell. Instead, he testified without objection to information appearing on an "activity printout from the warrants worksheet" produced by the departmental computer.
Referring to the activity worksheet, Detective Hicks testified that Detective Darvell Peterson of the P.C.S.O. attempted to serve the capias on Ms. Cunnell at the address of the hotel in Lake Wales on May 30, 2001. However, Ms. Cunnell was not at that location, and it was determined that "[i]t was a bad address for her." The activity worksheet did not reflect how Detective Peterson arrived at this conclusion or what additional efforts, if any, he or anyone else at the P.C.S.O. made to locate Ms. Cunnell at that time.
Approximately two years later, the P.C.S.O. acquired information of an unstated origin concerning Ms. Cunnell's possible whereabouts at an address in Crawfordville. Ms. Cunnell testified at the hearing that this address was for her mother-in-law's residence. On May 2, 2003, the P.C.S.O. sent a letter to the Wakulla County Sheriff's Office (W.C.S.O.) requesting that they attempt to locate Ms. Cunnell at that address. On June 16, 2003, the W.C.S.O. replied that they were unable to locate Ms. Cunnell. The State did not present any evidence concerning the steps the W.C.S.O. had taken to locate Ms. Cunnell in 2003. There was no further *812 activity in the file until May 30, 2005, when Ms. Cunnell was arrested on the capias after having been stopped for a traffic offense in Wakulla County.
The circuit court ruled that the State acted without unreasonable delay in attempting to serve the capias on Ms. Cunnell. The circuit court also ruled that the statute of limitations was tolled during the relevant time period because Ms. Cunnell did not have a "reasonably ascertainable place of abode or work within the state." Based on these findings, the circuit court denied the motion to dismiss. Ms. Cunnell's petition for the writ of prohibition followed.

DISCUSSION
We begin our discussion by noting the applicable periods of the pertinent statutes of limitations. Under section 775.15(2)(b), a prosecution for a third-degree felony must commence within three years of the commission of the offense. The statute of limitations for a first-degree misdemeanor is two years. § 775.15(2)(c).
Our next step is to determine when the prosecution may be said to have "commenced" for purposes of the statutes of limitations. Prior to the filing of the information, Ms. Cunnell had not been arrested or served with a summons in connection with the charges at issue. Therefore, section 775.15(5)(a) is not controlling. Instead, section 775.15(5)(b) applies.[2] This section states:
A prosecution on a charge on which the defendant has not previously been arrested or served with a summons is commenced when either an indictment or information is filed, provided the capias, summons, or other process issued on such indictment or information is executed without unreasonable delay. In determining what is reasonable, inability to locate the defendant after diligent search or the defendant's absence from the state shall be considered. The failure to execute process on or extradite a defendant in another state who has been charged by information or indictment with a crime in this state shall not constitute an unreasonable delay.
An unexcused delay in executing service bars prosecution for the offense charged. See Norris v. State, 784 So.2d 1188, 1189 (Fla. 2d DCA 2001) (citing Neal v. State, 697 So.2d 903, 905 (Fla. 2d DCA 1997)). However, in accordance with section 775.15(6),[3] a statute of limitations is tolled if a "defendant is continuously absent from the state or has no reasonably ascertainable place of abode or work within the state."
When a criminal defendant challenges his or her prosecution as being untimely commenced, the State has the burden to prove that the prosecution is not barred by the statute of limitations. See State v. King, 282 So.2d 162, 164 (Fla. 1973); Neal, 697 So.2d at 905. In this case, the State failed to carry its burden of proof. In assessing whether service of the capias on Ms. Cunnell was executed without unreasonable delay, the circuit court was obligated to consider whether the State made a diligent search to locate her or if she had been absent from the state. § 775.15(5)(b). The State did not present any evidence at the hearing that Ms. Cunnell had been outside Florida during the pertinent time periods. On the contrary, the only evidence before the circuit court *813 placed Ms. Cunnell in Florida from the date of the commission of the alleged offenses through the date of the service of the capias.
The P.C.S.O. attempted service of the capias only once in Lake Wales. The evidence of the efforts made by the W.C.S.O. to serve the capias in 2003 was inconclusive. Relying on the sketchy "activity worksheet" generated by the departmental computer, Detective Hicks could say only that the W.C.S.O. had "sent the information back stating that they were unable to locate [Ms. Cunnell]." Detective Hicks candidly admitted that he had no further information concerning what the W.C.S.O. may have done.
To satisfy its obligation to conduct a diligent search to locate the defendant, the State must check obvious sources of information and follow up on any leads. See State v. Mack, 637 So.2d 18, 19 (Fla. 4th DCA 1994). In Mack, the Fourth District provided a useful list of sources to be checked:
Obvious sources of information include the telephone book, the city directory, driver's license records, vehicle license records, property tax records, voter's registration records, the probation office, local utility companies, law enforcement agencies, state attorney's office, schools, armed forces, and prison system. Other sources are relatives of the defendant and witnesses in the case.
Id. at 19-20. In this case, the State did not present evidence that it had checked any of these obvious sources of information. How the State obtained an address for Ms. Cunnell's mother-in-law in Crawfordville was never explained. The State also failed to demonstrate that it had pursued two obvious areas of inquiry suggested by the information it indisputably had in its possession. First, the State did not call Detective Peterson to testify concerning what inquiries, if any, he made of the hotel manager and the guests at the hotel in Lake Wales concerning Ms. Cunnell's whereabouts. Second, the State did not explain whether the W.C.S.O. asked Ms. Cunnell's mother-in-law in Crawfordville about where they might find her daughter-in-law.
To summarize, the evidence before the circuit court established a single effort to serve the capias in Polk County, a possible attempt at service in Wakulla County, and the absence of any effort to perform a diligent search. Under these circumstances, the circuit court erred in finding that the State served the capias without unreasonable delay. See Sutton v. State, 784 So.2d 1239, 1241-42 (Fla. 2d DCA 2001), superseded by statute on other grounds, State v. Parks, 866 So.2d 172, 173 (Fla. 2d DCA 2004); Lucas v. State, 718 So.2d 905, 907 (Fla. 3d DCA 1998).
The circuit court also erred in finding that the statutes of limitations were tolled under section 775.15(6). This subsection provides for tolling the term of a statute if a defendant "has no reasonably ascertainable place of abode or work within the state." Counsel have not directed us to any cases construing this portion of section 775.15, and our independent research has not disclosed any either. We conclude that the statutory language refers to two categories of defendants: (1) a defendant who has no fixed place of abode or employment and (2) a defendant whose circumstances are such that his or her place of abode or employment could not be discovered by a diligent search. The first category includes persons whose employment or lifestyle takes them from place to place on a continual basis. The second category includes persons whose affairs are organized in such a way that they cannot be located by resort to obvious sources of information. In this case, the *814 State did not present any evidence that Ms. Cunnell fell into either of these categories.

CONCLUSION
More than four years elapsed between the date of the commission of the alleged offenses and the service of the capias on Ms. Cunnell. The State failed to prove that it had executed the capias without unreasonable delay or that the statutes of limitations were tolled during any portion of the relevant periods. For these reasons, we granted the petition and ordered the circuit court to discharge Ms. Cunnell in Polk County Circuit Court case number CF01-03150A-XX.
ALTENBERND, CANADY, and WALLACE, JJ., Concur.
NOTES
[1] The 2000 version of the Florida Statutes controls this case. See Brown v. State, 674 So.2d 738, 739 n. 1 (Fla. 2d DCA 1995) (noting that applicable statutes of limitation are the ones in effect at the time of the acts giving rise to the criminal charges).
[2] Subsection (5) of section 775.15 was renumbered as subsection (4) effective July 1, 2005. See ch.2005-110, §§ 1, 3, Laws of Fla.
[3] Subsection (6) of section 775.15 has also been renumbered. Effective July 1, 2005, it became subsection (5). See ch.2005-110, §§ 1, 3, Laws of Fla.