993 So.2d 1004 (2007)
STATE of Florida, Appellant,
v.
David HECKMAN, Appellee.
No. 2D06-5653.
District Court of Appeal of Florida, Second District.
December 7, 2007.
Bill McCollum, Attorney General, Tallahassee, and Donna S. Koch, Assistant Attorney General, Tampa, for Appellant.
Raymond T. Elligett, Jr., of Schropp, Buell & Elligett, P.A., Tampa, for Appellee.
STRINGER, Judge.
The State seeks review of the trial court's order granting David Heckman's motion to dismiss the information that charged Heckman with aggravated battery. The State argues that the trial court erred in determining that Heckman's actions were immune from prosecution under sections 776.013 and 776.032, Florida Statutes (2005). We conclude that immunity does not apply because the victim was retreating from Heckman's dwelling when Heckman shot him. Accordingly, we reverse.
This case involves a dispute between Heckman and Robert Carroll, who is the father of Heckman's girlfriend's children. The "facts" are taken from Carroll's statement to the sheriff's office, Heckman's *1005 statement to the deputy who investigated the incident, and Heckman's statement to the State Attorney. While these statements are not entirely consistent, any inconsistencies are not material to our decision herein.
At approximately 10:30 p.m. on November 6, 2005, Carroll, who was thirty-six years old, drove to the home where sixty-one-year-old Heckman lived with Carroll's former girlfriend and Carroll's two children. Carroll dropped off one of the children's bicycles and asked to see his son. Heckman told Carroll it was too late to see his son, and Carroll got upset and threatened to break Heckman's jaw. Carroll began walking back to his truck, which he had parked on the street in front of Heckman's house and in which Carroll's fiancee, her mother, and their young baby waited.
Heckman told Carroll he was going to call 9-1-1 and followed Carroll to his truck so he could get Carroll's license plate number. Carroll then threatened to "do more than just break" Heckman's jaw. Heckman's call to the 9-1-1 operator did not go through, and he reentered the front door of his home and locked the door behind him. Heckman did not call 9-1-1 from his home but instead went into the home's attached garage and opened the garage door facing the driveway.
Carroll had entered his truck and driven it in front of Heckman's driveway. Heckman believed that Carroll was "baiting" him. Heckman took the bait, retrieved a brass door handle, and skipped it down the driveway toward Carroll's truck. When the door handle hit Carroll's truck, Carroll jumped out of the truck and ran toward Heckman.
Heckman ran back into his house through the door attached to the garage and locked the door behind him. Carroll then picked up a stick or pole in the garage and began vandalizing Heckman's vehicle, which was parked therein. Heckman heard the noise inside his garage and retrieved his loaded .38 caliber revolver from his bedroom. As Heckman approached the inside door to the garage, he noticed that the noise coming from the garage had stopped. Heckman opened the door and walked slowly toward the front of the garage with the pistol pointed down by his side.
Carroll had left the garage and was retreating to his truck for the second time. When Carroll heard Heckman, Carroll turned around, put his hands on his hips and said, "What is your problem?" Carroll was fifteen feet away from Heckman. Heckman responded by asking Carroll to leave. According to one of Heckman's statements, Carroll made a "furtive movement" towards Heckman by leaning in Heckman's direction. Heckman then fired his revolver twice, hitting Carroll once in the thigh.
The State filed an information charging Heckman with one count of aggravated battery. Heckman filed a motion to dismiss, alleging that his actions were immune from prosecution under sections 776.013 and 776.032(1). The trial court granted the motion to dismiss, and the State appealed.
This court conducts a de novo review of an order granting the defendant's motion to dismiss a criminal information. State v. Perez, 952 So.2d 611, 612 (Fla. 2d DCA 2007). The trial court granted Heckman's motion to dismiss based on its finding that Heckman was immune from criminal prosecution under sections 776.013 and 776.032(1). Section 776.032(1) provides immunity from criminal prosecution for the use of force permitted under section 776.013. Section 776.013 provides that:

*1006 (1) A person is presumed to have held a reasonable fear of imminent peril of death or great bodily harm to himself or herself or another when using defensive force that is intended or likely to cause death or great bodily harm to another if:
(a) The person against whom the defensive force was used was in the process of unlawfully and forcefully entering, or had unlawfully and forcibly entered, a dwelling, residence, or occupied vehicle, or if that person had removed or was attempting to remove another against that person's will from the dwelling, residence, or occupied vehicle; and
(b) The person who uses defensive force knew or had reason to believe that an unlawful and forcible entry or unlawful and forcible act was occurring or had occurred.
Thus, a person is immune from criminal prosecution for the use of deadly force against another person he knew had unlawfully and forcibly entered his dwelling or was in the process of such entry. The State argues that Heckman is not immune from criminal prosecution for the use of force against Carroll because Heckman shot Carroll when Carroll was walking away from Heckman's garage toward his truck. Heckman argues that immunity applies because Carroll had threatened to break his jaw, then unlawfully entered Heckman's garage and vandalized Heckman's vehicle.
Sections 776.032 and 776.013 were created by chapter 2005-27, section 1, Laws of Florida. Prior to their creation, a person was justified in using deadly force when the person was attacked in his or her home and "reasonably believed that deadly force was necessary to prevent imminent death or great bodily harm to himself or herself or another or the commission of a forcible felony." Note, Florida LegislationThe Controversy Over Florida's New "Stand Your Ground" LawFla. Stat. § 776.013 (2005), 33 Fla. St. U.L.Rev. 351, 354 (Fall 2005). The creation of section 776.013 eliminated the burden of proving that the defender had a reasonable belief that deadly force was necessary by providing a conclusive presumption of such. Fla. S. Comm. on Judiciary, CS for SB 436 (2005) Staff Analysis 5-6 (Feb. 25, 2005) (on file with comm.). The creation of section 776.032 provided, for the first time, for immunity from criminal prosecution for persons who act in self-defense under section 776.013.
Under section 776.013, the person against whom the deadly force was used must have already unlawfully and forcibly entered the dwelling or must be in the process of unlawfully and forcibly entering. "Dwelling" is defined as "a building or conveyance of any kind, including any attached porch ... which has a roof over it... and is designed to be occupied by people lodging therein at night." § 776.013(5)(a). The State does not dispute that Heckman's garage constitutes a dwelling under this section.
At the time Heckman used deadly force against Carroll, Carroll was not inside the garage or in the process of entering. Carroll was retreating from the garage to his vehicle, which he had almost reached. Thus, the facts before the court at the hearing on the motion to dismiss did not establish that Heckman was entitled to immunity under section 776.032 for the use of force permitted under section 776.013. Accordingly, the trial court erred in granting Heckman's motion to dismiss.
Reversed.
ALTENBERND and KELLY, JJ., Concur.