NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | | |
|---|---|---|
| SINAR ROBLERO ESCALANTE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 2D15-419 |
| | ) | |
| STATE OF FLORIDA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Opinion filed June 5, 2015.

Petition for Writ of Prohibition to the Circuit
Court for Collier County; Frederick R. Hardt,
Judge.

Sara Moore of Virlenys H. Palma, Esq.,
P.A., Homestead, for Petitioner.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Brandon R. Christian,
Assistant Attorney General, Tampa,
for Respondent.


ORDER ON PETITION FOR WRIT OF PROHIBITION

PER CURIAM.

Sinar Roblero Escalante seeks a writ of prohibition preventing the trial

court from proceeding with his prosecution based on the expiration of the statute of

limitations.  This court has the authority to grant the writ.  See Reino v. State, 352 So.

2d 853, 860-61 (Fla. 1977) (granting petitions for writ of prohibition when the

prosecution of the petitioners was barred by the statute of limitations), receded from on other grounds by Perez v. State, 545 So. 2d 1357 (Fla. 1989); Cunnell v. State, 920 So. 2d 810, 811 (Fla. 2d DCA 2006); Hernandez v. State, 915 So. 2d 667, 668 (Fla. 2d DCA 2005). For the reasons explained below, we grant the petition to the extent that we quash the order denying Roblero Escalante's amended motion to dismiss for expiration of the statute of limitations and remand for further proceedings.

The very limited record before us contains allegations that on September 6, 2005, Roblero Escalante struck a car that was parked, facing south, on the east side of a road in Collier County. The struck car was parked directly in front of a truck that was also parked facing south. At the time of the accident, a man stood in between the two parked vehicles, and he was fatally injured. Roblero Escalante allegedly fled.

On February 10, 2006, the Collier County Sheriff obtained a warrant for Roblero Escalante's arrest on the charge of leaving the scene of a crash involving death or injury. For reasons not explained in the record before us, Roblero Escalante was not arrested until October 21, 2012, and it was not until November 26, 2012, that the State charged Roblero Escalante with leaving the scene of a crash involving death as a first-degree felony under section 316.027(1)(b), Florida Statutes (2005). The State subsequently filed an amended information on January 15, 2013, to correctly allege that the crime charged was a second-degree felony at the time of commission.

Roblero Escalante filed a motion to dismiss for expiration of the statute of limitations under Florida Rule of Criminal Procedure 3.190(b) and an amended motion to dismiss, arguing that the statute of limitations for the second-degree felony expired on September 6, 2008, and that even if the State could establish it was entitled to the

- 2 -

three-year tolling period afforded under section 775.15(5), Florida Statutes (2005)—a fact he expressly did not concede—the statute of limitations would have expired on September 6, 2011.

At the hearing on the amended motion to dismiss, the trial court erroneously suggested, and the State agreed, that the statute of limitations is an affirmative defense and that Roblero Escalante had the burden to prove that prosecution was barred. However, "[w]hen a criminal defendant challenges his prosecution as untimely commenced, the State has the burden to establish that the prosecution is not barred by the statute of limitations." Hernandez, 915 So. 2d at 668; see also Cunnell, 920 So. 2d at 812; Neal v. State, 697 So. 2d 903, 905 (Fla. 2d DCA 1997). Perhaps as a result of this error, the State presented no evidence at the hearing to show that the prosecution was timely commenced, and the trial court denied the amended motion to dismiss without explanation.[1] We quash the order denying the amended motion to dismiss and remand for the trial court to hold another hearing on Roblero Escalante's amended motion to dismiss, at which the State will be held to its burden.

Florida law imposes an affirmative duty on a driver involved in a crash that results in death, injury, or property damage to stop, render reasonable assistance, and provide certain information necessary for an insurance claim and an accident report. § 316.062. In 2005, the failure to complete these duties was punished as a second-

---

[1]Even though our quashal is not based on the inadequacy of the order denying Roblero Escalante's amended motion to dismiss, circuit court orders denying such motions should articulate a factual or legal basis supporting such orders to provide opportunity for meaningful and efficient judicial review. See, e.g., Davis v. State, 26 So. 3d 647, 649 n.1 (Fla. 2d DCA 2010).

degree felony if the crash resulted in injury or death.  § 316.027.[2]  Therefore, the State had three years to commence prosecution.  See § 775.15(2)(b).  However, section 775.15(1) provides that "[a] prosecution for a capital felony, a life felony, or a felony that resulted in a death may be commenced at any time."  On its face, the statute requires that the commission of the felony result in the death of the victim.  The trial court shall make specific findings based on the State's evidence as to whether Roblero Escalante's leaving the scene of the accident "resulted in" death and whether section 775.15(1) applies.  If the State cannot prove that it was Roblero Escalante's leaving the scene, as opposed to the accident itself, that caused the death of the victim, then Roblero Escalante must be discharged.

Petition granted with directions.

CASANUEVA, BLACK, and SLEET, JJ., Concur.

---

[2]In 2006, section 316.027 was amended to punish the crime as a first-degree felony if the crash results in the death of any person.  Ch. 06-225, § 2, at 2486, Laws of Fla.  Currently, section 316.027 defines three separate crimes: a first-degree felony if the crash results in a death, a second-degree felony if the crash results in serious bodily injury, and a third-degree felony if the crash results in injury that does not qualify as serious bodily injury.  Ch. 14-225, § 2, at 3069, Laws of Fla.