NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

KARI-LYNN NORTON,                          )
                                           )
        Petitioner,                    )
                                           )
v.                                         )     Case No. 2D15-2231
                                           )
STATE OF FLORIDA,                          )
                                           )
        Respondent.                    )
_____)

Opinion filed September 4, 2015.

Petition for Writ of Prohibition to the Circuit
Court for Pasco County; William R. Webb,
Judge.

Robert H. Dillinger, Public Defender, and
Monica Grey, Assistant Public Defender,
New Port Richey, for Petitioner.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Jonathan Hurley, Assistant
Attorney General, Tampa, for Respondent.


PER CURIAM.

       Kari-Lynn Norton petitions this court for a writ prohibiting the circuit court

from proceeding with a criminal prosecution against her because the statute of

limitations expired before the State commenced prosecution.  We grant the petition.

The State failed to demonstrate that it conducted a diligent search to locate Ms. Norton

so that its delay in executing the capias was reasonable. We order the circuit court to discharge Ms. Norton in Pasco County Circuit Court case number CRC10-04873CFAWS-04.

The State filed a one-count information charging Ms. Norton with violating the "doctor-shopping" statute, which is a third-degree felony. See § 893.13(7)(a)(8), (c), Fla. Stat. (2009).[1] The State alleged that Ms. Norton committed the offense in Pasco County on or between June 9, 2009, and March 25, 2010. The information was filed on July 27, 2010, and a capias issued the same day. Ms. Norton was arrested in St. Lucie County on July 30, 2014.

Ms. Norton filed a motion to dismiss the information on the ground that the State failed to timely commence prosecution within the three-year statute of limitations for a third-degree felony. See § 775.15(2)(c), Fla. Stat. (2009). "When a criminal defendant challenges his or her prosecution as being untimely commenced, the State has the burden to prove that the prosecution is not barred by the statute of limitations." Cunnell v. State, 920 So. 2d 810, 812 (Fla. 2d DCA 2006). The State called Detective John Connolly, custodian of records in the Pasco County Sheriff's Office fugitive warrants division, as the only witness to testify at the hearing on the motion to dismiss. Detective Connolly had no personal knowledge of efforts to locate Ms. Norton and serve her with the capias. Instead, he testified without objection to records that are kept in a

_____

[1] Section 893.13(7)(a)(8) makes it unlawful for any person

[t]o withhold information from a practitioner from whom the person seeks to obtain a controlled substance or a prescription for a controlled substance that the person making the request has received a controlled substance or a prescription for a controlled substance of like therapeutic use from another practitioner within the previous 30 days.

computer system maintained by the sheriff's office and by referring to notes and diligent search programs that are in the computer system. On August 9, 2010, a warrant issued for Ms. Norton's arrest, and it was entered into the Florida and National Crime Information Computer Systems on August 16, 2010. On August 17, 2010, a deputy attempted to serve Ms. Norton with the capias at her mother's residence, but her mother responded that Ms. Norton had not lived there in six years. Detective Connolly did not explain how the State obtained her mother's address. He then testified that, thirty days after it issued, the warrant was posted on the websites for the Pasco County Sheriff's Office and Florida Department of Law Enforcement.

The only other efforts to locate Ms. Norton occurred more than eleven months later. Detective Connolly's notes showed that on the morning of October 11, 2011, another attempt to serve Ms. Norton with the capias at her mother's address failed because Ms. Norton was not at the residence at the time. A deputy then searched the sheriff's office computer database and the driver's license and vehicle registration database and obtained a different address for Ms. Norton. On the evening of October 11, 2011, a deputy checked this second address but was unable to contact Ms. Norton. The deputy tried the second address again the next morning, but the property was vacant. Detective Connolly's notes did not reveal that any other attempts were made to locate Ms. Norton until she was arrested in St. Lucie County on July 30, 2014. On cross-examination, Detective Connolly testified that the records did not indicate that anyone attempted to locate Ms. Norton by searching the telephone book, an online telephone directory, property tax records, voter registration records, probation

office records, utility records, or social media. Ms. Norton neither testified nor presented evidence at the hearing.

Following the hearing, the circuit court denied the motion to dismiss, finding that "these efforts constitute diligent efforts and diligent search on the part of the Pasco County Sheriff's Office, and that [Ms. Norton] was apprehended outside of Pasco County, but within the State of Florida within the three-year time period from the date of the last diligent search, October 12, 2011." Ms. Norton's petition for writ of prohibition followed. There are no material facts in dispute, so we review the circuit court's order de novo, recognizing the presumption of correctness that is due to the circuit court and applying the statute of limitations in effect at the time Ms. Norton committed the offense. See State v. Perez, 952 So. 2d 611, 612 (Fla. 2d DCA 2007).

Our discussion focuses on the circuit court's conclusion that the State conducted a diligent search to locate Ms. Norton and execute the capias so as to excuse its delay in commencing prosecution. At the time it filed the information, the State had neither arrested Ms. Norton nor served her with a summons, so it was required to timely commence prosecution pursuant to section 775.15(4)(b), which provides:

> A prosecution on a charge on which the defendant has not previously been arrested or served with a summons is commenced when either an indictment or information is filed, provided the capias, summons, or other process issued on such indictment or information is executed without unreasonable delay. In determining what is reasonable, inability to locate the defendant after diligent search or the defendant's absence from the state shall be considered. The failure to execute process on or extradite a defendant in another state who has been charged by information or indictment with a crime in this state shall not constitute an unreasonable delay.

A capias is executed when it is served on the defendant. <u>Brown v. State</u>, 674 So. 2d 738, 740 (Fla. 2d DCA 1995), <u>superseded by statute on other grounds as stated in</u> <u>State v. Paulk</u>, 946 So. 3d 1230, 1231 (Fla. 4th DCA 2007). Here, the State provided no evidence that Ms. Norton was absent from Florida during the applicable time period, so our analysis focuses on whether the State conducted a diligent search to locate Ms. Norton. <u>See</u> <u>Goings v. State</u>, 76 So. 3d 975, 978 (Fla. 1st DCA 2011) (explaining that "the state had the burden to show an inability to locate the defendant after diligent search or the defendant's absence from the state") (emphasis omitted); <u>Schuster v. State</u>, 21 So. 3d 117, 118 (Fla. 5th DCA 2009) (rejecting the State's argument that its delay in executing the capias was reasonable in light of the State's mere assertion that the defendant resided outside of Florida because "the State's evidence failed to establish [defendant]'s absence from this state during the limitation period").

"To satisfy its obligation to conduct a diligent search to locate the defendant, the State must check obvious sources of information and follow up on any leads." <u>Cunnell</u>, 920 So. 2d at 813. The Fourth District in <u>State v. Mack</u>, 637 So. 2d 18 (Fla. 4th DCA 1994), <u>superseded by statute on other grounds as stated in</u> <u>Perez</u>, 952 So. 2d at 612-13, provided the following list of obvious sources of information for the State to consult in conducting a diligent search: the telephone book, the city directory, driver's license records, vehicle license records, property tax records, voter's registration records, the probation office, local utility companies, law enforcement agencies, state attorney's office, schools, armed forces, the prison system, relatives of the defendant, witnesses in the case, and marriage and name change records. <u>Id.</u> at 19-20 (citing <u>Kyte v. State</u>, 49 Fla. Supp. 2d 40, 42 (Fla. 5th Cir. Ct.1991)); <u>see also</u>

<u>Cunnell</u>, 920 So. 2d at 813 (referring to the obvious sources of information identified in <u>Mack</u>). But the court cautioned:

> We do not suggest that the above sources are all-inclusive, nor do we suggest that failure to consult all of them will not constitute a diligent search. Each case must be judged on its own facts as well as under the principle that statutes of limitation in criminal cases are to be liberally construed in favor of the accused.

<u>Mack</u>, 637 So. 2d at 20.

Under the limited facts and circumstances presented in this case, the circuit court erred in concluding that the State satisfied its burden to establish that it conducted a diligent search to locate Ms. Norton. After contacting Ms. Norton's mother, learning that Ms. Norton had not lived there for six years, and posting Ms. Norton's warrant on law enforcement websites, the State waited eleven months to make any further effort to locate her. Only after another unsuccessful contact at her mother's residence did someone from the sheriff's office finally search its own and the driver's license and vehicle registration databases to obtain a different address, at which a deputy attempted contact twice in a twenty-four hour period before concluding that it was a vacant residence.

The State argues that these four attempts to contact Ms. Norton demonstrated its diligence, but this overlooks the fact that the State must also exercise diligence in searching obvious sources of public information that could provide a lead. <u>See</u> <u>Cunnell</u>, 920 So. 2d at 813. The State concluded its efforts to locate Ms. Norton having searched two public databases only once in a four-year span. It did not even attempt to search the telephone book, property tax records, voter registration records, probation office records, or utility records, all of which are obvious sources of public

information that could have provided information helpful for locating Ms. Norton. Beyond the sources listed in Mack, which issued in 1994 and was not intended to establish an all-inclusive list of sources that the State must use in conducting a diligent search, 637 So. 2d at 20, the State failed to show that anyone attempted to either search an online telephone directory or use a basic internet search engine to ascertain Ms. Norton's whereabouts. While the use of a basic internet search engine was not specifically addressed at the hearing, in 2010 and 2011 it could have been a more obvious source of information to search than those listed in Mack.

Furthermore, none of the evidence presented to the trial court reveals to us that searching any of these sources of information would have been futile so as to excuse the State's failure to consult them. Cf. Neal v. State, 697 So. 2d 903, 906 (Fla. 2d DCA 1997) ("Some [of the sources of information listed in Mack]—the telephone directory, for example—are so common and easily accessible that no search that omitted them could possibly be deemed diligent."). This is not to suggest that the State must exhaust every source of readily available information to satisfy its burden of demonstrating a diligent search. See Mack, 637 So. 2d at 20 ("We do not suggest that the above sources are all-inclusive, nor do we suggest that failure to consult all of them will not constitute a diligent search."). However, the State failed to present any evidence that would explain why it left so many stones unturned when the only attempts to contact Ms. Norton occurred eleven months apart and when it searched a limited number of readily available sources of public information only once during a nearly four-year period. In light of these minimal efforts to locate Ms. Norton, the trial court erred in concluding that, under the limited facts presented in this case, the State satisfied its

burden of demonstrating that its search efforts were sufficiently diligent to excuse its delay in serving Ms. Norton with the capias.

Petition granted; discharge ordered.

ALTENBERND, LaROSE, and CRENSHAW, JJ., Concur.