DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FABIO MATOS,**
Petitioner,

v.

**STATE OF FLORIDA,**
Respondent.

No. 4D21-2485

[December 15, 2021]

Petition for Writ of Prohibition to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jill K. Levy, Judge; L.T. Case No. 19-8007-MM-10A.

Gordon Weekes, Public Defender, and Sarah W. Sandler, Assistant Public Defender, Fort Lauderdale, for petitioner.

Ashley Moody, Attorney General, Tallahassee, and Pablo I. Tapia, Assistant Attorney General, West Palm Beach, for respondent.

PER CURIAM.

Fabio Matos seeks a writ of prohibition to prevent his prosecution for using the name or title of contractor without being certified or registered. Matos argues that the statute of limitations period expired before he was served with process, and therefore, the trial court should have granted his motion to dismiss. We grant the petition because the State did not present evidence that it conducted a diligent search to locate Matos, which resulted in an unreasonable delay in service of process.

### *Background*

In July 2019, the State filed an information charging Matos with one misdemeanor count of using the name or title of contractor without being certified or registered for an incident occurring in March 2018. In August 2019, a return of service of a summons issued for Matos was filed as unserved with a written comment that the Broward County Sheriff's Office ("BSO") spoke with the new resident at the address, who had lived there for two months and did not know Matos.

In October 2019, the State filed a motion for capias stating that BSO had been unable to serve Matos. Attached to the motion was a Driver and Vehicle Information Database ("DAVID") Report indicating that its investigation did not yield any new addresses.

In March, July, and August 2020, the trial court issued three different notices regarding probable cause to issue a capias. All three notices were sent to the same address where BSO first attempted to serve Matos. The third notice was returned to the clerk's office with a statement by the post office that the forwarding time had expired, and that Matos's current address was different than the one at which service was originally attempted.

In October 2020, the trial court issued an order granting the State's motion to issue a capias. Four months later, Matos filed a request to recall the capias and provided his current address and phone number.

Defense counsel subsequently filed a motion to dismiss for the State's failure to commence prosecution within the statute of limitations pursuant to Florida Rule of Criminal Procedure 3.190(b). Counsel argued that section 775.15(2)(c), Florida Statutes, requires the prosecution to commence a misdemeanor case within two years of the date of the offense and that the State failed to properly commence prosecution because the capias, summons, or other process was not served upon Matos within the limitations period and without reasonable delay.

The State moved to strike the motion to dismiss arguing that it conducted a diligent search, that Matos was purposely out of state, and that the speedy trial period was suspended by an administrative order issued by the Florida Supreme Court on March 13, 2020, addressing safety protocols the judicial branch was to follow in response to the COVID-19 pandemic. *See In re* COVID-19 Emergency Procedures in the Florida State Courts, Fla. Admin. Order AOSC20-13 (Mar. 13, 2020), https://www.floridasupremecourt.org/content/download/631744/file/AOSC20-13.pdf. The administrative order stated that all time periods involving the speedy trial procedure in criminal proceedings were suspended. *Id.* at 3.

At the hearing on the motion to dismiss, Matos argued that: (1) he was not arrested when the crime was alleged to have occurred, nor was he served any capias, summons, or information until February 2021, which was outside of the two-year statute of limitations period; and (2) there were no grounds to toll the statute of limitations. Matos further maintained

that the State failed to conduct a diligent search. Matos acknowledged that he took a temporary out-of-state job in March 2021, but this was after the statute of limitations period had run, and thus at no time during the statute of limitations period was he living outside of Florida. Therefore, Matos asserted that he was not on notice about the prosecution, and the prosecution was barred by the statute of limitations.

The State agreed that the applicable statute of limitations was two years, and that prosecution was commenced after the two-year period. However, the State maintained that the speedy trial time period was suspended by the supreme court's pandemic administrative order, which it argued was entered two days before the statute of limitations period expired.

The trial court found the undisputed facts showed that: (1) the date of the incident was March 15, 2018, and the applicable limitations period expired on or March 15, 2020, unless tolled; (2) the State filed the information on July 31, 2019; and (3) the summons issued on March 13, 2019, came back unserved. The trial court noted section 775.15(2)(c) provides that prosecution for a first-degree misdemeanor "must be commenced within two years after it is committed," and the State must file an information and serve the defendant with a notice in order to properly commence a prosecution. § 775.15(2)(c), Fla. Stat. (2018). The trial court also noted section 775.15(4)(b) provides:

> Prosecution on a charge on which the defendant has not previously been arrested or served with a summons is commenced when either an indictment or information is filed, provided the capias, summons, or other process issued on the indictment or information is executed without unreasonable delay.

§ 775.15(4)(b), Fla. Stat. (2018). However, the trial court concluded that the supreme court's March 13, 2020 pandemic administrative order suspended all time periods involving speedy trial procedure in criminal proceedings. Based on the administrative order, section 775.15(4)(b), and rule 3.191, the trial court denied the motion to dismiss.

Matos subsequently petitioned to prohibit the prosecution.

### *Analysis*

3

Prohibition is the proper method for challenging the trial court's jurisdiction on a claim that the statute of limitations has expired. *Manzini v. State,* 115 So. 3d 1015, 1016 (Fla. 4th DCA 2013).

Here, Matos was not arrested or served with a summons prior to the State filing the information. Therefore, section 775.15(4)(b), Florida Statutes (2018), applies:

> A prosecution on a charge on which the defendant has not previously been arrested or served with a summons is commenced when either an indictment or information is filed, provided *the capias, summons, or other process* issued on such indictment or information *is executed without unreasonable delay.* In determining what is reasonable, inability to locate the defendant after diligent search or the defendant's absence from the state shall be considered. The failure to execute process on or extradite a defendant in another state who has been charged by information or indictment with a crime in this state shall not constitute an unreasonable delay.

§ 775.15(4)(b), Fla. Stat. (2018) (emphasis added). An unreasonable delay in executing service of process "bars prosecution for the offense charged." *Norris v. State,* 784 So. 2d 1188, 1189 (Fla. 2d DCA 2001). Further, "[w]hen a criminal defendant challenges his or her prosecution as being untimely commenced, the State has the burden to prove that the prosecution is not barred by the statute of limitations." *Norton v. State,* 173 So. 3d 1124, 1126 (Fla. 2d DCA 2015) (quoting *Cunnell v. State,* 920 So. 2d 810, 812 (Fla. 2d DCA 2006)). To satisfy its obligation to conduct a diligent search, "the State must check obvious sources of information and follow up on any leads." *Id.* at 1127 (quoting *Cunnell,* 920 So. 2d at 813).

In *State v. Mack,* 637 So. 2d 18 (Fla. 4th DCA 1994), *superseded by statute on other grounds as stated in State v. Perez,* 952 So. 2d 611, 612-13 (Fla. 2d DCA 2007), this Court provided the following list of sources to be consulted in conducting a diligent search:

> Obvious sources of information include the telephone book, the city directory, driver's license records, vehicle license records, property tax records, voter's registration records, the probation office, local utility companies, law enforcement agencies, state attorney's office, schools, armed forces, and prison system. Other sources are relatives of the defendant and witnesses in the case.

4

637 So. 2d at 19-20.  Additionally, we said:

> We do not suggest that the above sources are all-inclusive, nor do we suggest that failure to consult all of them will not constitute a diligent search.  Each case must be judged on its own facts as well as under the principle that statutes of limitation in criminal cases are to be liberally construed in favor of the accused.

*Id.* at 20.

Matos argues that the State failed to meet its burden to establish that the prosecution in this case is not barred by the statute of limitations.  Specifically, he claims the State did not present evidence that he had been outside Florida during the pertinent time periods, nor did the State present evidence regarding what measures it took to conduct a search to locate him.  Matos contends that to satisfy its obligations to conduct a diligent search, the State must check obvious sources of information as discussed in *Mack*.  Matos asserts that here, the State did not present any evidence that it checked any of the obvious sources, and the only documentation that it presented was a DAVID search and a single attempt by BSO to serve him.  He also contends that the State failed to explain why it did not check more sources or make additional attempts to locate him.

In response, the State contends that the delay in process was not unreasonable because "resources have been stretched thin" by the pandemic, explaining that the pandemic caused law enforcement to be short-staffed and the pandemic safety protocols added burdens to the timely execution of law enforcement duties.  Additionally, it argues that trial court proceedings have been stalled and postponed because of the pandemic.

At the outset, we note that the State asserts several arguments in its response to our order to show cause that do not appear to have been raised in the trial court, such as its assertion that the COVID-19 pandemic put a strain on sheriff resources.  Moreover, the record indicates that the State's only evidence regarding a diligent search was a single DAVID search, the initial attempt by BSO to serve Matos, and several returned summonses using the same initial and unsuccessful address for Matos.  This was not sufficient evidence of a diligent search.  *See, e.g., Bragenzer v. State*, 582 So. 2d 142, 143 (Fla. 5th DCA 1991) (finding that the State's single attempt to serve a defendant without further efforts where defendant was not known to reside at residence and did not provide a forwarding

address did not constitute a diligent search).  Additionally, the State did not present evidence that Matos was absent from Florida during the applicable time period.[1]

Accordingly, we grant the petition based on the State's failure to present evidence that it conducted a diligent search to locate Matos, which resulted in an unreasonable delay in service of process.

*Petition granted.*

CONNER, C.J., MAY and ARTAU, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

---

[1] We also note that, in response to our order to show case, the State essentially concedes that the trial court erred in denying Matos's motion to dismiss based on our supreme court's March 13, 2020 administrative order, as "speedy trial procedure was not implicated" in the instant case.