DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOHNNY ROMESH PERSAUD,**
Petitioner,

v.

**STATE OF FLORIDA,**
Respondent.

No. 4D2024-2664

[April 2, 2025]

Petition for writ of prohibition to the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Cymonie S. Rowe, Judge; L.T. Case No. 50-2018-CF-007191-AXXX-MB.

E.J. Hubbs of Hubbs Law, P.A., South Miami, for petitioner.

James Uthmeier, Attorney General, Tallahassee, and Sorraya M. Solages-Jones, Senior Assistant Attorney General, West Palm Beach, for respondent.

PER CURIAM.

Petitioner seeks a writ of prohibition to prevent his prosecution for the third-degree felony offense of public assistance fraud. He argues the statute of limitations expired before he was served with process and, therefore, the trial court should have granted his motion to dismiss. We grant the petition because the State did not present sufficient evidence that it had conducted a diligent search to locate petitioner, which resulted in an unreasonable delay in service of the capias.

**Background**

On July 26, 2018, the State charged petitioner with one count of public assistance fraud, a third-degree felony, and a capias warrant issued the same day. The offense was alleged to have been committed between November 1, 2015, and December 31, 2016. On March 5, 2021, a State of Florida Department of Financial Services ("DFS") detective ("the detective") was assigned to execute the capias and was given an address for petitioner. After going to the address, the detective was informed that petitioner did not reside there. The detective's investigation led him to two

more addresses connected to petitioner, but petitioner was not found at either.

After learning that petitioner had purchased a car from a local dealership in November 2017, the detective went to that dealership on March 9, 2021, where he learned of a fourth address for petitioner. The detective went to the address but determined petitioner did not live there. The detective discovered a fifth address associated with petitioner, but did not find petitioner there either. The detective did not go to any additional addresses after March 9, 2021. The detective located petitioner's ex-wife, but she was not able to provide another address.

As part of his investigation, the detective used the FCIC/NCIC[1] databases and DAVID[2] system to search for information relevant to petitioner. DFS's investigative file indicated that DFS received a DAVID hit, which provided them with another address associated with petitioner. However, the detective testified that he was unaware of this specific lead. In November 2022, petitioner obtained a new driver's license which contained the same address from the DAVID hit, but the detective did not investigate through the Department of Motor Vehicles.

In June 2022, law enforcement responded to a traffic incident involving petitioner. During the stop, petitioner gave his information to an officer. Although the officer ran petitioner's information through FCIC/NCIC, he did not find an outstanding warrant and let petitioner go.

Law enforcement eventually arrested petitioner on July 29, 2024, following a motor vehicle accident. The arrest affidavit resulting from that encounter indicated that officers found petitioner in a hotel room with all his belongings, including thirty debit cards in petitioner's and others' names, five checkbooks for different accounts, more than twenty thousand dollars in cash, and a fraudulent California identification card.

On July 30, 2024, petitioner filed his motion to dismiss arguing the State failed to execute the capias without unreasonable delay and failed to conduct a diligent search. Following an evidentiary hearing, at which the detective and the officer who conducted the traffic stop testified, the trial court appeared hesitant to find that a diligent search was conducted when it stated, "so help me reconcile . . . the cases . . . the databases that you utilized to support that I should find that it was a diligent search . . .[b]ecause it seems to me . . . that if you looked at other . . . databases, you may have been able to find him." However, the trial court ultimately denied petitioner's motion, stating "[n]ot only does

---

[1] Florida Crime Information Center/National Crime Information Center.
[2] Driver and Vehicle Information Database.

the court find[] that the State conducted a diligent search without reasonable delay, the court also finds that [petitioner] concealed his whereabouts to evade service."

This petition followed.

### Analysis

A trial court's findings in denying a motion to dismiss due to the expiration of the statute of limitations are subject to a writ of prohibition if such findings are not supported by competent, substantial evidence. *Mackey v. State*, 333 So. 3d 775, 778 (Fla. 1st DCA 2022).

"A prosecution for any [third degree] felony must be commenced within 3 years after it is committed." § 775.15(2)(b), Florida Statutes (2015). Here, the information was filed within three years of the offense with the capias issuing the same day. Because petitioner had not been arrested or served prior to the filing of the information, section 775.15(4)(b) applies:

> A prosecution on a charge on which the defendant has not previously been arrested or served with a summons is commenced when either an indictment or information is filed, *provided the capias, summons, or other process issued on such indictment or information is **executed without unreasonable delay**.* In determining what is reasonable, inability to locate the defendant after *diligent search* or the defendant's absence from the state shall be considered.

§ 775.15(4)(b), Fla. Stat. (2015) (emphases added).

In determining that the search was diligent, and the delay was not unreasonable, the trial court reasoned:

> The evidence is unrebutted that law enforcement, when seeking to locate [petitioner], reviewed multiple databases. These databases identified several addresses associated with [petitioner]. The evidence is unrebutted that law enforcement went to each of these addresses. The unrebutted evidence is that law enforcement began these searches within the statutory prescribed period. The searches did not result in [petitioner]'s arrest.

Although the detective had physically gone to five different addresses in search of petitioner, the detective had used only two sources of information (NCIC/FCIC and DAVID) in attempting to find petitioner. We have explained that "obvious sources of information" should be consulted

3

to conduct a diligent search. *State v. Mack*, 637 So. 2d 18, 19 (Fla. 4th DCA 1994), *superseded by statute on other grounds as stated in State v. Perez*, 952 So. 2d 611, 612–13 (Fla. 2d DCA 2007). Although not all-inclusive, we have provided the following list of sources to consider when determining whether a search was diligent:

> Obvious sources of information include the telephone book, the city directory, driver's license records, vehicle license records, property tax records, voter's registration records, the probation office, local utility companies, law enforcement agencies, state attorney's office, schools, armed forces, and prison system. Other sources are relatives of the defendant and witnesses in the case.

*Matos v. State*, 330 So. 3d 964, 967 (Fla. 4th DCA 2021) (quoting *Mack*, 637 So. 2d at 19–20).

Here, although the detective had contacted petitioner's ex-wife, which did not lead to any new address, none of the other "obvious sources" aside from the two law enforcement databases were utilized. Moreover, the detective did not follow up on a DAVID lead, which would have provided him with another address—the same address which petitioner had utilized on his driver's license obtained in 2022. Although the detective testified that he was unaware of this lead, he admitted he would have had access to the information in March of 2021. *See Norton v. State*, 173 So. 3d 1124, 1127 (Fla. 2d DCA 2015) (explaining that to satisfy the diligent search requirement, the State must check obvious sources of information and "*follow up on any leads*") (cleaned up)).

This case is similar to *Norton.* There, the Second District found that four attempts to locate the defendant along with a search of law enforcement databases and the driver's license and vehicle registration database did not amount to a diligent search. *Id.* at 1128.

We further note that the investigation into petitioner's whereabouts did not begin until over four years after the offense was committed and over two years after the information was filed. There was no explanation as to why the investigation did not begin until 2021. *See Fleming v. State*, 524 So. 2d 1146, 1147 (Fla. 1st DCA 1988) (finding lack of diligent search and noting that "the state offered no evidence to explain the four-year delay in executing the capias," as well as no evidence of "*any* search").

Here, the investigation actively occurred on only two days—March 5 and 9, 2021. The detective specifically testified that he did not go to any

4

additional addresses after March 9, 2021. No arrest was made even when petitioner was detained during the June 2022 traffic stop.

In the State's response to our order to show cause, the State relies on *Gilmore v. State*, 602 So. 2d 578 (Fla. 1st DCA 1992). There, the question was whether the State conducted a diligent search for a defendant charged with escape after an almost ten-year delay in serving the capias. *Id.* at 579. The trial court determined, and the First District agreed, the delay was not unreasonable where: "(1) the authorities immediately searched for appellant by notifying all law enforcement agencies and sending out all available personnel to locate [the defendant], and (2) [the defendant] left Florida, took a job which required extreme mobility and acquired a new identity . . . ." *Id.* at 580.

Here, by contrast, no immediate search was conducted after the offense was committed between November 1, 2015, and December 31, 2016. Rather, the search did not begin until nearly five years later, in March 2021. Additionally, the State did not provide evidence at the hearing that petitioner had lived out of state or assumed a new identity. Instead, the State and the trial court relied on the arrest affidavit stating that petitioner was in possession of fake identification and cash, among other things, to suggest an evasion of service.[3] Thus, *Gilmore* is distinguishable and *Fleming* is more applicable.

### Conclusion

Based on the foregoing, we conclude that the trial court's order determining that the State had conducted a diligent search without unreasonable delay is not supported by competent substantial evidence. The State provided no explanation for the lengthy delay in commencing the search for petitioner, and the search was limited in duration to two days and overlooked several "obvious sources." Thus, we grant the petition based on the State's failure to present sufficient evidence that it conducted

---

[3] In concluding the State conducted a diligent search, we note the trial court appeared to rely heavily on its conclusion that petitioner was concealing his whereabouts due to what was contained in the arrest affidavit when petitioner was ultimately located. The trial court found "compelling" petitioner's possession of fraudulent identification. The trial court should not have considered this information because the arrest affidavit was merely attached as an exhibit to the State's response to the motion to dismiss below. No evidence pertaining to the arrest affidavit was admitted during the hearing. Documents merely attached as exhibits to a motion are not evidence. *Eight Hundred, Inc. v. Fla. Dep't of Rev.*, 837 So. 2d 574, 576 (Fla. 1st DCA 2003); *Neal v. State*, 697 So. 2d 903, 905 (Fla. 2d DCA 1997) ("Filing a document does not place it in evidence.").

5

a diligent search to locate petitioner, which resulted in an unreasonable delay in service of process.

*Petition granted.*

MAY, CONNER and FORST, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**